DISTRICT CLERK

# CASE SUMMARY
## CASE NO. 37801

| Jasper N. Long vs. Faenas Transport, LLC | § § § § | Location: **District Clerk**<br>Filed on: **01/22/2019** |
|---|---|---|

---

### CASE INFORMATION

Case Type:  **Civil Case - Other**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number              37801
Court                          District Clerk
Date Assigned            01/22/2019

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| Plaintiff | Long, Jasper N. | **STOVER, SCOTT W.**<br>*Retained*<br>409-384-3463(W) |
| Defendant | Faenas Transport, LLC | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 01/22/2019 | ▣ CITATION BY CERTIFIED MAIL<br>  Party:  Defendant  Faenas Transport, LLC | |
| 01/22/2019 | **Citation**<br>Faenas Transport, LLC<br>Returned Unserved<br>03/26/2019 | |
| 01/22/2019 | ▣ Original Petition (OCA)<br>  *Plaintiff's Original Petition* | |
| 01/24/2019 | ▣ CITATION<br>  Party:  Defendant  Faenas Transport, LLC<br>  *2ND ISSUANCE; EMAILED TO KIM/SCOTT - CB* | |
| 01/24/2019 | **Citation**<br>Faenas Transport, LLC<br>Unserved | |
| 01/24/2019 | ▣ REQUEST<br>  *Request for Issuance of Service* | |
| 04/18/2019 | ▣ AMENDED<br>  *Plaintiff's First Amended Petition filed by Scott Stover (local atty) & Dana K Martin-kf* | |

---

| DATE | FINANCIAL INFORMATION | |
|---|---|---|

| | |
|---|---|
| **Plaintiff  Long, Jasper N.** | |
| Total Charges | 440.00 |
| Total Payments and Credits | 440.00 |
| Balance Due as of 4/24/2019 | 0.00 |

*Printed on 04/24/2019 at 9:24 AM*

| CLERK OF THE COURT | PLAINTIFF OR ATTORNEY FOR PLAINTIFF |
|---|---|
| Kathy Kent, District Clerk<br>121 N. Austin, Room 202<br>Jasper, Texas  75951<br>409-384-2721 | SCOTT W. STOVER<br>PO BOX 480<br>JASPER TX 75951<br>409-384-3463 |

## CAUSE NO.  37801

THE STATE OF TEXAS

## CITATION FOR PERSONAL SERVICE

**COPY**

**NOTICE TO DEFENDANT:** "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by Ten O'clock (10:00) A.M. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

> TO:   DEFENDANT
>       FAENAS TRANSPORT, LLC
>       4436 SOUTH ORLEANS WAY
>       WEST VALLEY CITY, UT. 84120

**GREETINGS:** You are hereby commanded to appear before the **District Clerk** of Jasper County, Texas, to be held at the Courthouse of said County in Jasper, Jasper County, Texas, by filing a written answer to Original Petition (OCA) at or before Ten o'clock (10:00) A.M. on the Monday next after the expiration of twenty (20) days after the date of service hereof, a copy of **PLAINTIFF'S ORIGINAL PETITION**. Which accompanies this citation in Cause Number 37801, filed on the docket of said Court on this date: **January 22, 2019**, and styled,

**JASPER N. LONG VS.  FAENAS TRANSPORT, LLC**

The officer executing this writ shall serve the same according to the requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Jasper, Texas, this date: **January 22, 2019**

Kathy Kent, **DISTRICT CLERK**
JASPER COUNTY, TEXAS

By: _Nancy Horn_ , Deputy

## SERVICE OF CITATION RETURN

Came to hand on the _____ day of _____, 201__, at _____ o'clock ____.M. and, executed at _____ County, Texas, on the _____ day of _____, 201__ at _____ o'clock __.M., by delivering to the within-named defendant, in person, a true copy of this Citation.

_____ County, Texas

BY: _____

_____
Constable/Deputy

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF COURT

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty or perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is
                (First, Middle, and Last)
_____, and my address is _____.
                                              (Street, City, and Zip).

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

_____
Declarant / Authorized Process Server

_____
ID # and Expiration of Certification

RETURN TO:
Kathy Kent
Jasper County District Clerk
121 N. Austin, Rm. 202
Jasper, Texas 75951

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

**O F F I C I A L   U S E**

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage

$

FAENAS TRANSPORT, LLC
4436 SOUTH ORLEANS WAY
WEST VALLEY CITY, UT. 84120
Cause 37801

WEST VALLEY CITY, UT. 84120

7017 0530 0001 0634 5116
7017 0530 0001 0634 5116

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

# FOR RETURN

| CLERK OF THE COURT | PLAINTIFF OR ATTORNEY FOR PLAINTIFF |
|---|---|
| Kathy Kent, District Clerk<br>121 N. Austin, Room 202<br>Jasper, Texas   75951<br>409-384-2721 | SCOTT W. STOVER<br>PO BOX 480<br>JASPER TX 75951<br>409-384-3463 |

## CAUSE NO. 37801

### T H E S T A T E O F T E X A S
## CITATION FOR PERSONAL SERVICE

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by Ten O'clock (10:00) A.M. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

| TO:    DEFENDANT<br>FAENAS TRANSPORT, LLC<br>4436 SOUTH ORLEANS WAY<br>WEST VALLEY CITY UT  84120 |
|---|

**GREETINGS:**  You are hereby commanded to appear before the **District Clerk** of Jasper County, Texas, to be held at the Courthouse of said County in Jasper, Jasper County, Texas, by filing a written answer to Original Petition (OCA) at or before Ten o'clock (10:00) A.M. on the Monday next after the expiration of twenty (20) days after the date of service hereof, a copy of **PLAINTIFF'S ORIGINAL PETITION** which accompanies this citation in Cause Number 37801, filed on the docket of said Court on this date: **January 22, 2019**, and styled,

**JASPER N. LONG VS. FAENAS TRANSPORT, LLC**

The officer executing this writ shall serve the same according to the requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Jasper, Texas, this date: **January 24, 2019**

**Kathy Kent, DISTRICT CLERK**
JASPER COUNTY, TEXAS

By: _____ Deputy

## S E R V I C E   O F   C I T A T I O N   R E T U R N

Came to hand on the _____ day of _____, 201___, at _____ o'clock _____.M. and, executed at _____, _____, _____ County, Texas, on the _____ day of _____, 201___ at _____ o'clock ___.M., by delivering to the within-named  defendant, in person, a true copy of this Citation.

_____ _____County, Texas

BY: _____

Constable/Deputy

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF COURT

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The return must either be verified or be signed under penalty or perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____ my date of birth is _____
           (First, Middle, and Last)
_____, and my address is _____
                                              (Street, City, and Zip).

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____ on the _____ day of _____.

_____
Declarant / Authorized Process Server

_____
(ID # and Expiration of Certification)

RETURN TO:
Kathy Kent
Jasper County District Clerk
121 N. Austin, Rm. 202
Jasper, Texas 75951

**SERVICE COPY**

| CLERK OF THE COURT | PLAINTIFF OR ATTORNEY FOR PLAINTIFF |
|---|---|
| Kathy Kent, District Clerk<br>121 N. Austin, Room 202<br>Jasper, Texas  75951<br>409-384-2721 | SCOTT W. STOVER<br>PO BOX 480<br>JASPER TX 75951<br>409-384-3463 |

<div align="center">

CAUSE NO. 37801

THE STATE OF TEXAS
## CITATION FOR PERSONAL SERVICE
</div>

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by Ten O'clock (10:00) A.M. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

> TO:  **DEFENDANT**
> FAENAS TRANSPORT, LLC
> 4436 SOUTH ORLEANS WAY
> WEST VALLEY CITY UT 84120

**GREETINGS:** You are hereby commanded to appear before the **District Clerk** of Jasper County, Texas, to be held at the Courthouse of said County in Jasper, Jasper County, Texas, by filing a written answer to Original Petition (OCA) at or before Ten o'clock (10:00) A.M. on the Monday next after the expiration of twenty (20) days after the date of service hereof, a copy of **PLAINTIFF'S ORIGINAL PETITION** Which accompanies this citation in Cause Number 37801, filed on the docket of said Court on this date: **January 22, 2019**, and styled,

**JASPER N. LONG VS. FAENAS TRANSPORT, LLC**

The officer executing this writ shall serve the same according to the requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Jasper, Texas, this date: **January 24, 2019**

<div align="right">

**Kathy Kent, DISTRICT CLERK**
JASPER COUNTY, TEXAS
By _____ Deputy
</div>

<div align="center">

**S E R V I C E   O F   C I T A T I O N   R E T U R N**
</div>

Came to hand on the _____ day of _____, 201___, at _____ o'clock _____.M. and, executed at _____ _____, _____ County, Texas, on the _____ day of _____, 201___ at _____ o'clock ___.M., by delivering to the within-named defendant, in person, a true copy of this Citation.

_____ _____County, Texas

BY: _____

<div align="right">Constable/Deputy</div>

Filed 1/22/2019 11:05 AM
Kathy Ken
District Clerl
Jasper County, Texa:

Nancy Horn, Deput

37801

CAUSE NO. _____

| | | |
|---|---|---|
| **JASPER N. LONG.** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | **1ST  JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **FAENAS TRANSPORT, LLC.** | § | |
| **Defendant.** | § | **JASPER COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Jasper N. Long ("Long"), Plaintiff in the above-entitled and numbered cause, complaining of FAENAS Transport, LLC ("FAENAS"), Defendant, and in support would show the Court as follows:

### I.

### DISCOVERY CONTROL LEVEL

1.      Pursuant to the Texas Rules of Civil Procedure, discovery shall be conducted in accordance with Tex. R. Civ. P. 190.3 (Level 2).

### II.

### PARTIES

2.      Plaintiff, Jasper N. Long, ("Long"), is a citizen of Texas and resident of Jasper County, Texas, who was the owner of a warehouse located at the corner of Lynn and McQueen Street (600 McQueen Street) in Jasper, Texas, (the "warehouse") which was damaged as a result of Defendant's actions asserted below, and brings this action on their own behalf, and on behalf of, and for, the interests of all parties who may be or become interested in the warehouse in question.

**III.**

3.      Defendant, FAENAS Transport, LLC. (hereafter "Defendant" or "FAENAS"), was and now is a Utah corporation, or similar entity, offering interstate trucking services with authority to sue and be sued, which regularly operates in Texas as a common carrier and interstate trucker. FAENAS does not maintain a regular place of business in Texas, and does not maintain a designated agent on whom service may be made. Thus, FAENAS may be served under the Texas Long Arm Statute, through its Utah home office at: 4436 South Orleans Way, West Valley City, UT 84120.

**IV.**

**JURISDICTION & VENUE**

4.      The amount in controversy is within jurisdictional limits of this Court.  Plaintiff seeks monetary relief over $100,000.00. Plaintiff seeks damages in excess of $600,000.

5.      Jasper County is the proper venue for this action, pursuant to the Texas Civil Practice and Remedies Code, Section 15.002(a)(3) *et seq.*, because the incident related to the loss in question occurred in Jasper County, Texas.

**V.**

**APPLICABLE FACTS AND CAUSES OF ACTION**

6.      At all times relevant to the occurrence in question, Defendant FAENAS, including its drivers, agents, servants and employees, operated an interstate trucking business, with a responsibility to those which encountered its vehicles to observe all State, Federal and local traffic regulations, and to observe their surrounding as to avoid incidents which might cause damage to life and property.  As an operator of heavy overland transport trucks, FAENAS had a duty to exercise reasonable care to the public it encounters to avoid foreseeable risk of injury to others, and to property, at any facility

2

where they were providing trucking services, or by which their drivers might transit, or come near enough to cause harm.

7.      At the time, and on the occasion in question, Defendant FAENAS, including their agents, servants and employees, were negligent in the course and scope of their efforts to pick up and deliver goods, and the laces their driver transited when providing those trucking services to the Jasper, Texas, and vicinity.  FAENAS's negligence was the proximate cause of the occurrence in question and the damages suffered by Plaintiff.  A FAENAS truck struck an active electrical power pole or wires, causing a fire which destroyed the warehouse and its contents owned by Plaintiff at 600 McQueen Street, Jasper, Texas and resulting in the damages asserted herein.

8.      The allegations of negligence, which led to Plaintiff's loss, are plead against Defendant here by, as follows:

     a.      Defendant FAENAS's negligence in failing to leave a properly trained and adequately qualified driver to handle turning and backing maneuvers of his truck near the premises of Long's warehouse in Jasper, Texas;

     b.      Defendant FAENAS's trucker's negligence in failing to properly observe his surroundings and adequately review the premises where he was maneuvering his vehicle, on and near Long's property in Jasper, Texas, which caused defendant's driver to strike a power pole, or power line, starting a fire which consumed Long's warehouse. The incident occurred on or about June 22, 2018 causing the damages in question;

     c.      Defendant FAENAS's driver's failure to follow proper safety procedures, including improper maneuvering of his transfer truck near a clearly visible electrical transmission power pole or line which caused it fall and the resulting in the damages incurred in this case,

d.      Defendant FAENAS's failure to properly train its employees regarding safe worksite practices, which would have prevented their driver's maneuvering accident and the electrical fire at the site in question.

e.      Defendant FAENAS's negligence in failing to provide adequate equipment for its trucks (backup carriers and the like) which would have enabled their driver to see the power pole or lines in question  and avoid the incident which caused the damages in question;

f.      Defendant FAENAS's failure to properly review and inspect the adequacy of the safety equipment on the vehicles its drivers use, which, if properly inspected and maintained, would have prevented the incident in question in Jasper County, Texas;

g.      Defendant FAENAS's negligence in failing to establish, and/or follow, reasonable safety rules and regulations in anticipation of tight vehicle maneuvers near electrical lines which would have prevented the striking of the electrical pole or lines in question); and

h.      Defendant FAENAS's driver's unlawful departure from the scene where the fire started, and failure to immediately report the felling of the  power pole or lines, which would have prevented, or diminished the extent of damages to the Long warehouse in question. The failure to report its damage to the pole or line invokes violation of Texas statutes for driving regulations concerning the reporting of such events and invokes the legal principal of "negligence per se" in failing to follow applicable and reasonable trucking  safety standards and regulations; and

9.      The damages sustained by Plaintiff are a direct and proximate result of the negligent acts and/or omissions of Defendant FAENAS.

10.     As a direct result of the above-stated negligence, Plaintiff has sustained $607,942.00 or more in damages which were proximately caused by the negligent actions and/or omissions of Defendant

FAENAS. Plaintiff therefore prays for recovery of $607,942.00 or more in damages from FAENAS as stated herein.

## VI.

## PRIVATE NUISANCE

11.     Plaintiff had a private interest in its warehouse and Defendant's actions substantially interfered with Plaintiff's interest in the use and enjoyment of its warehouse. Specifically, Defendant created or caused a condition negligently, and as a result, the Plaintiff suffered injury and damages.

## VII.

## TRESPASS

12.     Plaintiff owned or had a lawful right to possess real property, specifically his warehouse. Defendant trespassed and caused a light pole or line to trespass into Plaintiff's warehouse, and the trespass Defendant caused resulted in injury to Plaintiff's right of possession.

## VIII.

## <u>GROSS NEGLIGENCE</u>

13.     In the alternative, and without waiving the above causes of action, Plaintiff pleads that the conduct of Defendant FAENAS constitutes gross negligence or conscious indifference.  Defendant's actions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendant FAENAS had actual subjective awareness of the risk involved (see factors listed in paragraphs above), but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others. Furthermore, in violation of Texas "rules of the road" and statues requiring reporting of an accident, FAENAS's truck driver departed the scene without reporting the accident, preventing proper notification efforts, which might have prevented or

ameliorated the damage caused by the fire, which consumed Plaintiff's warehouse. As such, Plaintiff is entitled to recovery of exemplary or punitive damages as allowed by law.

## IX.

## CONDITIONS PRECEDENT SATISFIED

14.     Plaintiff has performed all conditions precedent necessary to allow recovery.

## X.

## DAMAGES

15.     By reason of these premises, Plaintiff has sustained actual damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $607,942.00 for which Plaintiff, Jasper Long's claims relief from Defendant FAENAS.  Plaintiff also seeks exemplary or punitive damages (as allowed by law), prejudgment interest, post-judgment interest, and all costs of court through trial and any appeals.

## XI.

## CLAIM FOR PREJUDGMENT INTEREST

16.     Plaintiff is also entitled to prejudgment interest from July 22, 20198, at the prejudgment rate of interest established by Texas law.

## XII.

## REQUESTS FOR DISCLOSURE

17.     Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## XIII.

## PRAYER

18.      WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court issue a summons

to the Defendant, requiring them to appear, and that this Court award judgment to Plaintiff, and

against Defendant, including damages of $607,942.00, pre-judgment interest, exemplary or punitive

damages as allowed by law, post-judgment interest, costs of court, and such other and further relief

to which Plaintiff may show itself to be justly entitled.

Dated this 221st day of January 2019.

Respectfully submitted,

Scott W. Stover
Texas Bar No. 19349400
Seale, Stover, & Bisbey
9450 N. Wheeler
P.O. Box 480
Jasper, TX 75951
Telephone: (409) 384-3463
Telefax:   (409) 384-3017
Email: swstover@sealestover.com
LOCAL ATTORNEY FOR PLAINTIFF
JASPER N. LONG

Dana K. Martin
Texas Bar No.: 13057830
HILL RIVKINS LLP
55 Waugh Dr., Suite 1200
Houston, Texas 77007
Telephone: (713) 457-2287
Telefax:   (713) 222-1359
Email: dmartin@hillrivkins.com

ATTORNEYS IN CHARGE FOR PLAINTIFF
JASPER N. LONG

7

Filed 1/24/2019 2:08 PM
Kathy Ken
District Clerl
Jasper County, Texa:

Cheryl Brown, Deputy

## REQUEST FOR ISSUANCE OF SERVICE

Date Requested: **1/24/19**

Case Number: **37801**     Court Description: **1st Judicial District**

Type of Instrument to be served: **Plaintiff's Original Petition**

### SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)

Issue Service To: **FAENAS Transport, LLC**

Address of Service: **4436 South Orleans Way**

City, State & Zip: **West Valley City, UT 84120**

Agent (IF APPLICABLE)

### TYPE OF SERVICE TO BE ISSUED:

**Non Writs:**

- [X] Citation
- [ ] Alias Citation
- [ ] Pluries Citation
- [ ] Citation by Publication
- [ ] Secretary of State Citation
- [ ] Notice
- [ ] Precept
- [ ] Rule 106 Service
- [ ] Subpoena

**Writs:**

- [ ] Attachment (Person)
- [ ] Attachment (Property)
- [ ] Attachment (Witness)
- [ ] Certiorari
- [ ] Garnishment (Prejudgment)
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Temporary Restraining Order
- [ ] Possession (Person)
- [ ] Possession (Property)
- [ ] Protective Order (Family)
- [ ] Protective Order (Civil)
- [ ] Scire Facias
- [ ] Sequestration
- [ ] Supersedeas
- [ ] Other (Please Describe):

### UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)

- [ ] Send to Sheriff
  Note: Citation(s) to be served by Constable will be RETURNED TO REQUESTOR to make arrangements to deliver and make payment for service directly with the Constable
- [ ] Civil Process Server (Include the name of the Authorized Person to pick-up):
- [ ] Call attorney for pick up (Phone Number):
- [x] Mail to attorney at:        **send by email: kanderson@sealestover.com**
  (Please include a self addressed stamped envelope):
- [ ] District Clerk serve by certified mail

### ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name: **Scott W. Stover**

Law Firm (if applicable): **Seale, Stover & Bisbey**     Bar Number: **19349400**

Address: **P.O. Box 480**

**Jasper, Texas 75951**

Phone Number: **409-384-3463**     Email Address: **swstover@sealestover.com**

***Service will only be issued upon payment of costs***

Date Fees Paid:          Amount:          Method of Payment:

Signature of Attorney Requesting service:

Filed 4/18/2019 5:08 PM
Kathy Ken
District Clerk
Jasper County, Texas

Kathy Fitzwater, Deputy

## CAUSE NO. 37801

| | | |
|---|---|---|
| **JASPER N. LONG.** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | **1ST  JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **FAENAS TRANSPORT, LLC.** | § | |
| **Defendant.** | § | **JASPER COUNTY, TEXAS** |

## PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW, Jasper N. Long ("Long"), Plaintiff in the above-entitled and numbered cause, complaining of FAENAS Transport, LLC ("FAENAS"), Defendant, and in support would show the Court as follows:

### I.

### DISCOVERY CONTROL LEVEL

1.      Pursuant to the Texas Rules of Civil Procedure, discovery shall be conducted in accordance with Tex. R. Civ. P. 190.3 (Level 2).

### II.

### PARTIES

2.      Plaintiff, Jasper N. Long, ("Long"), is a citizen of Texas and resident of Jasper County, Texas, who was the owner of a warehouse located at the corner of Lynn and McQueen Street (600 McQueen Street) in Jasper, Texas, (the "warehouse") which was damaged as a result of Defendant's actions asserted below, and brings this action on their own behalf, and on behalf of, and for, the interests of all parties who may be or become interested in the warehouse in question.

**III.**

3.      Defendant, FAENAS Transport, LLC. (hereafter "Defendant" or "FAENAS"), was and now is a Utah corporation, or similar entity, offering interstate trucking services with authority to sue and be sued, which regularly operates in Texas as a common carrier and interstate trucker. FAENAS does not maintain a regular place of business in Texas, and does not maintain a designated agent on whom service may be made. Thus, FAENAS may be served under the Texas Long Arm Statute, through its Utah home office at: 4436 South Orleans Way, West Valley City, UT 84120.

**IV.**

**JURISDICTION & VENUE**

4.      The amount in controversy is within jurisdictional limits of this Court.  Plaintiff seeks monetary relief over $100,000.00. Plaintiff seeks damages in excess of $600,000.

5.      Jasper County is the proper venue for this action, pursuant to the Texas Civil Practice and Remedies Code, Section 15.002(a)(3) *et seq.*, because the incident related to the loss in question occurred in Jasper County, Texas.

**· V.**

**APPLICABLE FACTS AND CAUSES OF ACTION**

6.      At all times relevant to the occurrence in question, Defendant FAENAS, including its drivers, agents, servants and employees, operated an interstate trucking business, with a responsibility to those which encountered its vehicles to observe all State, Federal and local traffic regulations, and to observe their surrounding as to avoid incidents which might cause damage to life and property.  As an operator of heavy overland transport trucks, FAENAS had a duty to exercise reasonable care to the public it encounters to avoid foreseeable risk of injury to others, and to property, at any facility

13

where they were providing trucking services, or by which their drivers might transit, or come near enough to cause harm.

7.      At the time, and on the occasion in question, Defendant FAENAS, including their agents, servants and employees, were negligent in the course and scope of their efforts to pick up and deliver goods, and the places their driver transited when providing those trucking services to the Jasper, Texas, and vicinity.  FAENAS's negligence was the proximate cause of the occurrence in question and the damages suffered by Plaintiff.  A FAENAS truck struck an active electrical power pole or wires, causing a fire which destroyed the warehouse and its contents owned by Plaintiff at 600 McQueen Street, Jasper, Texas and resulting in the damages asserted herein.

8.      The allegations of negligence, which led to Plaintiff's loss, are plead against Defendant here by, as follows:

       a.      Defendant FAENAS's negligence in failing to leave a properly trained and adequately qualified driver to handle turning and backing maneuvers of his truck near the premises of Long's warehouse in Jasper, Texas;

       b.       Defendant FAENAS's trucker's negligence in failing to properly observe his surroundings and adequately review the premises where he was maneuvering his vehicle,  on and near Long's property in Jasper, Texas, which caused defendant's driver to strike a power pole, or power line, starting a fire which consumed Long's warehouse. The incident occurred on or about June 22, 2018 causing the damages in question;

       c.       Defendant FAENAS's driver's failure to follow proper safety procedures, including improper maneuvering of his transfer truck near a clearly visible electrical transmission power pole or line which caused it fall and the resulting in the damages incurred in this case,

3

d.      Defendant FAENAS's failure to properly train its employees regarding safe worksite practices, which would have prevented their driver's maneuvering accident and the electrical fire at the site in question.

e.      Defendant FAENAS's negligence in failing to provide adequate equipment for its trucks (backup carriers and the like) which would have enabled their driver to see the power pole or lines in question  and avoid the incident which caused the damages in question;

f.      Defendant FAENAS's failure to properly review and inspect the adequacy of the safety equipment on the vehicles its drivers use, which, if properly inspected and maintained, would have prevented the incident in question in Jasper County, Texas;

g.      Defendant FAENAS's negligence in failing to establish, and/or follow, reasonable safety rules and regulations in anticipation of tight vehicle maneuvers near electrical lines which would have prevented the striking of the electrical pole or lines in question); and

h.      Defendant FAENAS's driver's unlawful departure from the scene where the fire started, and failure to immediately report the felling of the power pole or lines, which would have prevented, or diminished the extent of damages to the Long warehouse in question. The failure to report its damage to the pole or line invokes violation of Texas statutes for driving regulations concerning the reporting of such events and invokes the legal principal of "negligence per se" in failing to follow applicable and reasonable trucking  safety standards and regulations; and

9.      The damages sustained by Plaintiff are a direct and proximate result of the negligent acts and/or omissions of Defendant FAENAS.

10.      As a direct result of the above-stated negligence, Plaintiff has sustained $607,942.00 or more in damages which were proximately caused by the negligent actions and/or omissions of Defendant

FAENAS. Plaintiff therefore prays for recovery of $607,942.00 or more in damages from FAENAS as stated herein.

## VI.

## PRIVATE NUISANCE

11.    Plaintiff had a private interest in its warehouse and Defendant's actions substantially interfered with Plaintiff's interest in the use and enjoyment of its warehouse. Specifically, Defendant created or caused a condition negligently, and as a result, the Plaintiff suffered injury and damages.

## VII.

## TRESPASS

12.    Plaintiff owned or had a lawful right to possess real property, specifically his warehouse. Defendant trespassed and caused a light pole or line to trespass into Plaintiff's warehouse, and the trespass Defendant caused resulted in injury to Plaintiff's right of possession.

## VIII.

## <u>GROSS NEGLIGENCE</u>

13.    In the alternative, and without waiving the above causes of action, Plaintiff pleads that the conduct of Defendant FAENAS constitutes gross negligence or conscious indifference. Defendant's actions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant FAENAS had actual subjective awareness of the risk involved (see factors listed in paragraphs above), but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others. Furthermore, in violation of Texas "rules of the road" and statues requiring reporting of an accident, FAENAS's truck driver departed the scene without reporting the accident, preventing proper notification efforts, which might have prevented or

ameliorated the damage caused by the fire, which consumed Plaintiff's warehouse. As such, Plaintiff is entitled to recovery of exemplary or punitive damages as allowed by law.

## IX.

## CONDITIONS PRECEDENT SATISFIED

14.     Plaintiff has performed all conditions precedent necessary to allow recovery.

## X.

## DAMAGES

15.     By reason of these premises, Plaintiff has sustained actual damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $607,942.00 for which Plaintiff, Jasper Long's claims relief from Defendant FAENAS. Plaintiff also seeks exemplary or punitive damages (as allowed by law), prejudgment interest, post-judgment interest, and all costs of court through trial and any appeals.

## XI.

## CLAIM FOR PREJUDGMENT INTEREST

16.     Plaintiff is also entitled to prejudgment interest from July 22, 2018, at the prejudgment rate of interest established by Texas law.

## XII.

## REQUESTS FOR DISCLOSURE

17.     Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

**XIII.**

**PRAYER**

18. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court issue a summons to the Defendant, requiring them to appear, and that this Court award judgment to Plaintiff, and against Defendant, including damages of $607,942.00, pre-judgment interest, exemplary or punitive damages as allowed by law, post-judgment interest, costs of court, and such other and further relief to which Plaintiff may show itself to be justly entitled.

Dated this 22nd day of January 2019.

Respectfully submitted,

Scott W. Stover / by DKM

Scott W. Stover
Texas Bar No. 19349400
Seale, Stover, & Bisbey
9450 N. Wheeler
P.O. Box 480
Jasper, TX 75951
Telephone: (409) 384-3463
Telefax: (409) 384-3017
Email: swstover@sealestover.com
LOCAL ATTORNEY FOR PLAINTIFF
JASPER N. LONG

Dana K. Martin
Texas Bar No.: 13057830
HILL RIVKINS LLP
55 Waugh Dr., Suite 1200
Houston, Texas 77007
Telephone: (713) 457-2287
Telefax: (713) 222-1359
Email: dmartin@hillrivkins.com

ATTORNEYS IN CHARGE FOR PLAINTIFF
JASPER N. LONG