Filed 1/22/2019 11:05 AM
Kathy Ken
District Clerk
Jasper County, Texas

Nancy Horn, Deputy

37801

CAUSE NO. _____

| | | |
|---|---|---|
| JASPER N. LONG. | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | 1ST JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| FAENAS TRANSPORT, LLC. | § | |
| Defendant. | § | JASPER COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Jasper N. Long ("Long"), Plaintiff in the above-entitled and numbered cause, complaining of FAENAS Transport, LLC ("FAENAS"), Defendant, and in support would show the Court as follows:

I.

### DISCOVERY CONTROL LEVEL

1. Pursuant to the Texas Rules of Civil Procedure, discovery shall be conducted in accordance with Tex. R. Civ. P. 190.3 (Level 2).

II.

### PARTIES

2. Plaintiff, Jasper N. Long, ("Long"), is a citizen of Texas and resident of Jasper County, Texas, who was the owner of a warehouse located at the corner of Lynn and McQueen Street (600 McQueen Street) in Jasper, Texas, (the "warehouse") which was damaged as a result of Defendant's actions asserted below, and brings this action on their own behalf, and on behalf of, and for, the interests of all parties who may be or become interested in the warehouse in question.

### III.

3.     Defendant, FAENAS Transport, LLC. (hereafter "Defendant" or "FAENAS"), was and now is a Utah corporation, or similar entity, offering interstate trucking services with authority to sue and be sued, which regularly operates in Texas as a common carrier and interstate trucker. FAENAS does not maintain a regular place of business in Texas, and does not maintain a designated agent on whom service may be made. Thus, FAENAS may be served under the Texas Long Arm Statute, through its Utah home office at: 4436 South Orleans Way, West Valley City, UT 84120.

### IV.

### JURISDICTION & VENUE

4.     The amount in controversy is within jurisdictional limits of this Court.  Plaintiff seeks monetary relief over $100,000.00. Plaintiff seeks damages in excess of $600,000.

5.     Jasper County is the proper venue for this action, pursuant to the Texas Civil Practice and Remedies Code, Section 15.002(a)(3) *et seq.*, because the incident related to the loss in question occurred in Jasper County, Texas.

### V.

### APPLICABLE FACTS AND CAUSES OF ACTION

6.     At all times relevant to the occurrence in question, Defendant FAENAS, including its drivers, agents, servants and employees, operated an interstate trucking business, with a responsibility to those which encountered its vehicles to observe all State, Federal and local traffic regulations, and to observe their surrounding as to avoid incidents which might cause damage to life and property. As an operator of heavy overland transport trucks, FAENAS had a duty to exercise reasonable care to the public it encounters to avoid foreseeable risk of injury to others, and to property, at any facility

where they were providing trucking services, or by which their drivers might transit, or come near enough to cause harm.

7. At the time, and on the occasion in question, Defendant FAENAS, including their agents, servants and employees, were negligent in the course and scope of their efforts to pick up and deliver goods, and the laces their driver transited when providing those trucking services to the Jasper, Texas, and vicinity. FAENAS's negligence was the proximate cause of the occurrence in question and the damages suffered by Plaintiff. A FAENAS truck struck an active electrical power pole or wires, causing a fire which destroyed the warehouse and its contents owned by Plaintiff at 600 McQueen Street, Jasper, Texas and resulting in the damages asserted herein.

8. The allegations of negligence, which led to Plaintiff's loss, are plead against Defendant here by, as follows:

    a. Defendant FAENAS's negligence in failing to leave a properly trained and adequately qualified driver to handle turning and backing maneuvers of his truck near the premises of Long's warehouse in Jasper, Texas;

    b. Defendant FAENAS's trucker's negligence in failing to properly observe his surroundings and adequately review the premises where he was maneuvering his vehicle, on and near Long's property in Jasper, Texas, which caused defendant's driver to strike a power pole, or power line, starting a fire which consumed Long's warehouse. The incident occurred on or about June 22, 2018 causing the damages in question;

    c. Defendant FAENAS's driver's failure to follow proper safety procedures, including improper maneuvering of his transfer truck near a clearly visible electrical transmission power pole or line which caused it fall and the resulting in the damages incurred in this case,

3

d. Defendant FAENAS's failure to properly train its employees regarding safe worksite practices, which would have prevented their driver's maneuvering accident and the electrical fire at the site in question.

e. Defendant FAENAS's negligence in failing to provide adequate equipment for its trucks (backup carriers and the like) which would have enabled their driver to see the power pole or lines in question and avoid the incident which caused the damages in question;

f. Defendant FAENAS's failure to properly review and inspect the adequacy of the safety equipment on the vehicles its drivers use, which, if properly inspected and maintained, would have prevented the incident in question in Jasper County, Texas;

g. Defendant FAENAS's negligence in failing to establish, and/or follow, reasonable safety rules and regulations in anticipation of tight vehicle maneuvers near electrical lines which would have prevented the striking of the electrical pole or lines in question); and

h. Defendant FAENAS's driver's unlawful departure from the scene where the fire started, and failure to immediately report the felling of the power pole or lines, which would have prevented, or diminished the extent of damages to the Long warehouse in question. The failure to report its damage to the pole or line invokes violation of Texas statutes for driving regulations concerning the reporting of such events and invokes the legal principal of "negligence per se" in failing to follow applicable and reasonable trucking safety standards and regulations; and

9. The damages sustained by Plaintiff are a direct and proximate result of the negligent acts and/or omissions of Defendant FAENAS.

10. As a direct result of the above-stated negligence, Plaintiff has sustained $607,942.00 or more in damages which were proximately caused by the negligent actions and/or omissions of Defendant

4

FAENAS. Plaintiff therefore prays for recovery of $607,942.00 or more in damages from FAENAS as stated herein.

## VI.

## PRIVATE NUISANCE

11. Plaintiff had a private interest in its warehouse and Defendant's actions substantially interfered with Plaintiff's interest in the use and enjoyment of its warehouse. Specifically, Defendant created or caused a condition negligently, and as a result, the Plaintiff suffered injury and damages.

## VII.

## TRESPASS

12. Plaintiff owned or had a lawful right to possess real property, specifically his warehouse. Defendant trespassed and caused a light pole or line to trespass into Plaintiff's warehouse, and the trespass Defendant caused resulted in injury to Plaintiff's right of possession.

## VIII.

## GROSS NEGLIGENCE

13. In the alternative, and without waiving the above causes of action, Plaintiff pleads that the conduct of Defendant FAENAS constitutes gross negligence or conscious indifference. Defendant's actions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant FAENAS had actual subjective awareness of the risk involved (see factors listed in paragraphs above), but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others. Furthermore, in violation of Texas "rules of the road" and statues requiring reporting of an accident, FAENAS's truck driver departed the scene without reporting the accident, preventing proper notification efforts, which might have prevented or

ameliorated the damage caused by the fire, which consumed Plaintiff's warehouse. As such, Plaintiff is entitled to recovery of exemplary or punitive damages as allowed by law.

## IX.

## CONDITIONS PRECEDENT SATISFIED

14. Plaintiff has performed all conditions precedent necessary to allow recovery.

## X.

## DAMAGES

15. By reason of these premises, Plaintiff has sustained actual damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $607,942.00 for which Plaintiff, Jasper Long's claims relief from Defendant FAENAS. Plaintiff also seeks exemplary or punitive damages (as allowed by law), prejudgment interest, post-judgment interest, and all costs of court through trial and any appeals.

## XI.

## CLAIM FOR PREJUDGMENT INTEREST

16. Plaintiff is also entitled to prejudgment interest from July 22, 20198, at the prejudgment rate of interest established by Texas law.

## XII.

## REQUESTS FOR DISCLOSURE

17. Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## XIII.

## PRAYER

18. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court issue a summons to the Defendant, requiring them to appear, and that this Court award judgment to Plaintiff, and against Defendant, including damages of $607,942.00, pre-judgment interest, exemplary or punitive damages as allowed by law, post-judgment interest, costs of court, and such other and further relief to which Plaintiff may show itself to be justly entitled.

Dated this 221st day of January 2019.

Respectfully submitted,

Scott W. Stover
Texas Bar No. 19349400
Seale, Stover, & Bisbey
9450 N. Wheeler
P.O. Box 480
Jasper, TX 75951
Telephone: (409) 384-3463
Telefax:    (409) 384-3017
Email: swstover@sealestover.com
LOCAL ATTORNEY FOR PLAINTIFF
JASPER N. LONG

Dana K. Martin   by permission
Dana K. Martin
Texas Bar No.: 13057830
HILL RIVKINS LLP
55 Waugh Dr., Suite 1200
Houston, Texas 77007
Telephone: (713) 457-2287
Telefax:   (713) 222-1359
Email: dmartin@hillrivkins.com

ATTORNEYS IN CHARGE FOR PLAINTIFF
JASPER N. LONG

7