IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JASPER N. LONG | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:19-cv-00200-MAC |
| | § | |
| FAENAS TRANSPORT, LLC | § | JURY TRIAL REQUESTED |

### Defendant Faenas Transport, LLC's
### First Amended Original Answer

TO THE HONORABLE UNITED STATES DISTRICT COURT:

FAENAS TRANSPORT, LLC, Defendant in the above entitled and numbered cause, files this First Amended Original Answer respectfully showing unto the Court as follows:

### I. DISCOVERY CONTROL LEVEL

1. As to Paragraph 1 in Section I of Plaintiff's Original Petition, the allegations are denied to the extent they are not applicable with a Petition for Removal having been filed by Defendant FAENAS TRANSPORT, LLC. Defendant will await the Scheduling Order to be entered by this court.

### II. PARTIES

2. As to Paragraph 2 in Section II of Plaintiff's Original Petition, the allegations are denied due to lack of specific knowledge regarding the residence of Plaintiff JASPER LONG at the time of the accident.

### III.

3. As to Paragraph 3 in Section III of Plaintiff's Original Petition, the allegations are admitted.

## IV. **JURISDICTION & VENUE**

4. As to Paragraph 4 in Section IV of Plaintiff's Original Petition, the allegations are admitted.

5. As to Paragraph 5 in Section IV of Plaintiff's Original Petition, Defendant DENY that this court has jurisdiction over this lawsuit. The Court lacks Subject Matter Jurisdiction because Plaintiff is not the owner of the subject property and as such has no standing to sue. Standing is a prerequisite to Subject Matter Jurisdiction.

## V. **APPLICABLE FACTS AND CAUSES OF ACTION**

6. As to Paragraph 6 in Section V of Plaintiff's Original Petition, Defendant admits the averments contained therein.

7. As to Paragraph 7 in Section V of Plaintiff's Original Petition, Defendant admits that an incident occurred at 600 McQueen Street, Jasper, Texas. The allegations regarding the cause of the occurrence on the part of Defendant FAENAS TRANSPORT, LLC are denied.

8. As to Paragraph 8, including subparagraphs a.-h., Defendant FAENAS TRANSPORT, LLC denies the averments contained therein.

9. As to Paragraph 9 in Section V of Plaintiff's Original Petition, Defendant FAENAS TRANSPORT, LLC denies the averments contained therein.

10. As to Paragraph 10 in Section V of Plaintiff's Original Petition, Defendant FAENAS TRANSPORT, LLC denies the averments contained therein.

## VI. **PRIVATE NUISANCE**

11. As to Paragraph 11 in Section VI of Plaintiff's Original Petition, Defendant FAENAS TRANSPORT, LLC denies the averments contained therein.

## VII.  TRESPASS

12. As to Paragraph 12 in Section VII of Plaintiff's Original Petition, Defendant FAENAS TRANSPORT, LLC denies the averments contained therein.

## VIII.  GROSS NEGLIGENCE

13. As to Paragraph 13 in Section VIII of Plaintiff's Original Petition, Defendant FAENAS TRANSPORT, LLC denies the averments contained therein.

## IX.  CONDITIONS PRECEDENT SATISFIED

14. As to Paragraph 14 in Section IX of Plaintiff's Original Petition, Defendant FAENAS TRANSPORT, LLC denies the averments contained therein.

## X.  DAMAGES

15. As to Paragraph 15 in Section X of Plaintiff's Original Petition, Defendant FAENAS TRANSPORT, LLC denies the averments contained therein.

## XI.  CLAIM FOR PREJUDMENT INTEREST

16. As to Paragraph 16 in Section XI of Plaintiff's Original Petition, Defendant FAENAS TRANSPORT, LLC admits pre-judgment interest is recoverable if Defendant FAENAS TRANSPORT, LLC is found legally responsible for any damages to Plaintiff.

## XII.  REQUESTS FOR DISCLOSURE

17. As to Paragraph 17 in Section XII of Plaintiff's Original Petition, Defendant FAENAS TRANSPORT, LLC denies the allegations to the extent that said requests are not applicable with a Petition for Removal having been filed by Defendant herein.

## XIII.  PRAYER

18. As to Paragraph 18 in Section XIII of Plaintiff's Original Petition, Defendant FAENAS TRANSPORT, LLC denies Plaintiff is entitled to the relief prayed for in Plaintiff's Original Petition.

## XIV.  **AFFIRMATIVE DEFENSES**

19. Defendant further invokes its rights under the due process clause of the Fifth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution.  Defendant affirmatively pleads that the Plaintiff's pleading of punitive and/or exemplary damages are violative of the due process clause of the Fifth and Fourteenth Amendments inasmuch as punitive and/or exemplary damages can be assessed:

   (1)   In an amount left to the discretion of the Judge and/or Jury;

   (2)   In assessing such penalty or exemplary awards, Plaintiff need only prove the theory of gross negligence on a "clear and convincing evidence standard," and not "beyond a reasonable doubt standard" that should be required in assessing a punishment award;

   (3)   Further, the Defendant, who is subject to the award, does not have the right to refuse to testify against itself, but must, in fact, take the stand and/or give deposition testimony, or subject itself to the consequence of a Default Judgment;

   (4)   The assessment of such a punishment and/or exemplary award is not based upon a clearly-defined statutory enactment setting forth a specific mens rea requirement and/or the prerequisites of a criminal fine and in effect, allows the assessment of such awards even though there are no specific standards, limits, or other statutory requirements set forth which define the mens rea and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process;

   (5)   In essence, the Defendant herein is subject to all the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal criminal fines, but the Defendant received none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties;

   6.   Any statutory limitations do not afford sufficient protection.

   7.   Multiple awards in different jurisdictions amount to double jeopardy as applied in a civil case; and

   8.   Awards amount to unwarranted windfall to the specific Plaintiff herein and would amount to recovery exceeding the value of their actual loss, if any.

Accordingly, Defendant invokes its rights under the Fifth and Fourteenth Amendments of the United States Constitution, and respectfully request that this Court disallow the award

exemplary damages inasmuch as an award in this case would violate Defendant's United States and Texas Constitutional rights and would exceed the scope of permissible recovery for the reasons stated.

20. Plaintiff may have failed to mitigate his damages.

21. Defendant FAENAS TRANSPORT, LLC'S actions were not a proximate cause of the alleged harm, destruction of property, and annoyance and inconvenience.

22. What Plaintiff complains of is insufficient to support a claim of punitive damages.

23. In the event Defendant FAENAS TRANSPORT, LLC is found liable to Plaintiff, which Defendant denies, then Plaintiff's damages, if any, should be reduced in proportion to the comparative fault of the Plaintiff, other Defendant(s), or other third parties liable for the accident.

24. The Plaintiff's alleged injuries or damages may have been caused by intervening and/or superseding acts for which FAENAS TRANSPORT, LLC is not responsible.

25. Defendant FAENAS TRANSPORT, LLC specifically denies that any of its alleged acts and/or omissions were the proximate cause of Plaintiff's alleged injuries or damages.

26. There is no causal relation to the claims being made by Plaintiff in this matter and FAENAS TRANSPORT, INC.'S alleged conduct.

27. The Plaintiff may have received benefits pursuant to a policy or plans of insurance and that, to the extent any benefits were received, such insurers or groups are necessary subrogated parties hereto and are real parties in interest.

28. FAENAS TRANSPORT, LLC reserves the right to raise any additional affirmative defenses that become known or of which Defendant becomes aware during the course of discovery or investigation.

29. Plaintiff's damages (if any) should be limited to the difference in the market value of the subject property immediately preceding the alleged occurrence and its market value after the occurrence.

30. Defendant FAENAS TRANSPORT, LLC requests a trial by jury.

## CONCLUSION AND PRAYER

For these reasons, Defendant, FAENAS TRANSPORT, LLC requests this Court enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, award Defendant FAENAS TRANSPORT, LLC its costs and such other and further relief, both at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

/s/ *Robert L. Ramey*
Robert L. Ramey, Lead Attorney
State Bar No.  16498200
750 Bering Drive, Suite 600
Houston, Texas 77057
(713) 266-0074
(713) 266-1064 (*facsimile*)
rlr@ramey-chandler.com

OF COUNSEL:
RAMEY, CHANDLER,
   QUINN & ZITO, PC
John Lynd
State Bar No.  24011213
jlynd@ramey-chandler.com

**ATTORNEYS FOR DEFENDANT,
FAENAS TRANSPORT, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of this document in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on via the Court's CM/ECF system on April 16, 2020.

/s/ *John Lynd*
John Lynd