IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JASPER N. LONG | § | |
| Plaintiff | § | |
| VS. | § | C.A. NO. 1:19-cv-00200-MAC |
| | § | |
| FAENAS TRANSPORT, LLC | § | JURY TRIAL REQUESTED |
| Defendant. | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW, Jasper N. Long ("Long"), Plaintiff in the above-entitled and numbered cause, complaining of FAENAS Transport, LLC ("FAENAS"), Defendant, and in support would show the Court as follows:

**I.**
**PARTIES**

1. Plaintiff, Jasper N. Long, S.A. ("Long"), is a citizen of Texas and resident of Jasper County, Texas, who was the long-term leaseholder (50 years, from 1999 to 2049) of an improved warehouse prepared for operation as a welding and metal fabrication facility, located at the corner of Lynn and McQueen Streets (600 McQueen Street) in Jasper, Texas, (the "warehouse") which was damaged as a result of Defendant's actions asserted below, and brings this action on his own behalf, and on behalf of, and for his wife, and for the interests of all parties who may be or become interested in the warehouse in question.

**III.**

2. Defendant, FAENAS Logistics, LLC. (hereafter "Defendant" or "FAENAS"), was and now is a Utah corporation, or similar entity, offering interstate trucking services with authority to sue and be

sued, which regularly operates in Texas as a common carrier and interstate trucker. FAENAS does not maintain a regular place of business in Texas and does not maintain a designated agent on whom service may be made. Thus, FAENAS may be served under the Texas Long Arm Statute, through its Utah home office at: 4436 South Orleans Way, West Valley City, UT 84120 or since Faenas has answered by and through their attorney of record, Ramey Chandler & Zito, PLLC.

## IV.
## JURISDICTION & VENUE

3.  This court has jurisdiction pursuant to the diversity statue, 49 USC Sec. 1332 in that complete diversity of citizenship exists between the parties plaintiff and defendant and the amount in controversy exceeds $75,000.00.

4.  The Eastern District of Texas Beaumont Division is the proper venue for this action in that it is the division of the Eastern District within which Jasper County is situated and because the incident related to the loss in question occurred in Jasper County, Texas.

## V.

## APPLICABLE FACTS AND CAUSES OF ACTION

5.  At all times relevant to the occurrence in question, Defendant FAENAS, including its drivers, employees, subcontracted carriers, agents, servants and/or other entities or individuals for which it is responsible, operated an interstate trucking business, with a responsibility to those which encountered its vehicles to observe all State, Federal and local traffic regulations, and to observe their surrounding as to avoid incidents which might cause damage to life and property. As an operator of heavy overland transport trucks, FAENAS had a duty to exercise reasonable care to the public it encounters to avoid foreseeable risk of injury to others, and to property, at any facility where

they were providing trucking services, or by which their drivers might transit, or come near enough to cause harm.

6.      At the time, and on the occasion in question, Defendant FAENAS, including their agents, servants and employees, were negligent in the course and scope of their efforts to pick up and deliver goods, and the places their driver transited when providing those trucking services to the Jasper, Texas, and vicinity.  FAENAS's negligence was the proximate cause of the occurrence in question and the damages suffered by Plaintiff.  A FAENAS truck struck an active electrical power pole which fell on Plaintiff's property near the warehouse business causing a fire which damaged the warehouse and its involved appurtenances.  The damages to the warehouse prevent its use until repaired, denying Mr. Long the income from his planned sublease of the warehouse and resulting in the damages asserted herein.

7.      The allegations of negligence, which led to Plaintiff's loss, are plead against Defendant hereby, as follows:

    a.      Defendant FAENAS's negligence in failing to leave a properly trained and adequately qualified driver to handle turning and backing maneuvers of his truck near the premises of Long's warehouse in Jasper, Texas;

    b.      Defendant FAENAS's driver's negligence in failing to properly observe his surroundings and adequately review the premises where he was maneuvering his vehicle, on and near Long's property in Jasper, Texas, which caused defendant's driver to strike a power pole, felling it, and starting a fire which consumed Long's warehouse. The incident occurred on June 22, 2018 causing the damages in question;

    c.      Defendant FAENAS's driver's failure to follow proper safety procedures, including improper maneuvering of his transfer truck near a clearly visible electrical

transmission power pole which cased it fall and the resulting in the damages incurred in this case,

    d.    Defendant FAENAS's failure to properly train its employees regarding safe worksite practices, which would have prevented their driver's maneuvering accident and the electrical fire at the site in question.

    e.    Defendant FAENAS's negligence in failing to provide adequate equipment for its trucks (backup cameras and the like) which would have enabled their driver to see the power pole in question and avoid the incident which caused the damages in question;

    f.    Defendant FAENAS's failure to properly review and inspect the adequacy of the safety equipment on the vehicles its drivers use, which, if properly inspected and maintained, would have prevented the incident in question in Jasper County, Texas;

    g.    Defendant FAENAS's negligence in failing to establish, and/or follow, reasonable safety rules and regulations in anticipation of tight vehicle maneuvers near electrical lines which would have prevented the striking of the electrical pole in question;

    h.    Defendant FAENAS's driver's unlawful departure from the scene where the fire started, and failure to immediately report the felling of the power pole, which would have prevented, or diminished the extent of damages to the Long warehouse and its appurtenances, in question. The failure to report its damage to the pole invokes violation of Texas statutes for driving regulations concerning the reporting of such events and invokes the legal principal of "negligence per se" in failing to follow applicable and reasonable trucking safety standards and regulations; and

8.    The damages sustained by Plaintiff, include: the cost to repair or replace the burned portions of the warehouse and personal property; the loss of use of the warehouse and leasehold; the loss of

sub-lease availability (and it resultant income); and loss of use of the facility for the purpose it had been prepared. Such damages, are a direct and proximate result of the negligent acts and/or omissions of Defendant FAENAS and its driver.

## VI.
## CONDITIONS PRECEDENT SATISFIED

9. Plaintiff has performed all conditions precedent necessary to allow recovery.

## VII.
## DAMAGES

10. As a direct result of the above-stated negligence, Plaintiff has sustained $709,142.00 in damages which were proximately caused by the negligent actions and/or omissions of Defendant FAENAS. Plaintiff therefore prays for recovery of $709,142.00 in damages from FAENAS as stated herein. Plaintiff also seeks prejudgment interest, post-judgment interest, and all costs of court through trial and any appeals.

## VIII.
## CLAIM FOR PREJUDGMENT INTEREST

11. Plaintiff is also entitled to prejudgment interest on the damages incurred from July 22, 2018, at the prejudgment rate of interest established by Texas and Federal law.

## IX.
## PRAYER

12. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court issue a summons to the Defendant, requiring them to appear, and that this Court award judgment to Plaintiff, and against Defendant, for damages incurred, together with pre-judgment interest, post-judgment interest,

costs of court, and such other and further relief to which Plaintiff may show himself to be justly entitled.

Dated this 22nd day of April, 2020.

Respectfully submitted,

*/s/ Scott W. Stover*
SCOTT W. STOVER
Texas Bar No.19349400
Seale, Stover, & Bisbey
9450 N. Wheeler
P.O. Box 480
Jasper, TX 75951
Telephone: (409) 384-3463
Telefax:    (409) 384-3017
Email: swstover@sealestover.com
ATTORNEY FOR PLAINTIFF
JASPER N. LONG.

Respectfully submitted,

*/S/ Dana K. Martin*
DANA K. MARTIN
Texas Bar No. 13057830
HILL RIVKINS LLP
1000 N. Post Oak Rd., Suite 220
Houston, Texas 77055
Telephone:    (713) 222-1515
Direct Line:   (713) 457-2287
Telefax:       (713) 222-1359
E-Mail: dmartin@hillrivkins.com
LEAD ATTORNEY FOR PLAINTIFF
JASPER N. LONG.

## **CERTIFICATE OF SERVICE**

On April 22, 2020 I hereby certify that a true and correct copy of the foregoing was served by US mail postage prepaid, to:

Robert Ramey
750 Bering Drive, Suite 600
Houston, Texas 77057

Scott W. Stover
Seale, Stover & Bisbey
9450 N. Wheeler
P. O. Box 480
Jasper, Texas 75951

*/S/ Dana K. Martin*