IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JASPER N. LONG | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:19-cv-00200-MAC |
| | § | |
| FAENAS TRANSPORT, LLC | § | JURY TRIAL REQUESTED |

---

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND IN THE ALTERNATIVE MOTION FOR A NEW TRIAL AND/OR REMITTITUR

---

Respectfully submitted:

Robert L. Ramey, Lead Attorney
State Bar No. 16498200
John Lynd
State Bar No.  24011213
750 Bering Drive, Suite 600
Houston, Texas 77057
(713) 266-0074
(713) 266-1064 (*facsimile*)
rlr@ramey-chandler.com
jlynd@ramey-chandler.com

**ATTORNEYS FOR DEFENDANT,
FAENAS TRANSPORT, LLC**

**OF COUNSEL:**
RAMEY, CHANDLER,
  QUINN & ZITO, PC

# TABLE OF CONTENTS

I.   PROCEDURAL BACKGROUND ...................................................................... 1

RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW .................................. 2

II.  SUMMARY OF ARGUMENT ....................................................................... 2

III. STANDARD FOR REVIEW ........................................................................ 4

    A.   Judgment as a Matter of Law .............................................................4

    B.   Renewed Motion for Judgment as a Matter of Law ................................5

    C.   When Judgment as a Matter of Law May be Granted ...........................6

IV. ARGUMENT & AUTHORITY ..................................................................... 8

    A.   Plaintiff's "Value to Him" Evidence of Market Value was Insufficient to
        Support the Jury's Award of Damages as a Matter of Law ..........................8

    B.   Plaintiff Offered No Evidence to Support Lost Rental Income as a
        Factor for Calculating the Fair Market Value of the Leasehold.....................10

ALTERNATIVELY, FAENAS IS ENTITLED TO A NEW TRIAL OR REMITTITUR .. 15

    A.   Applicable Legal Standard for a Rule 59 Motion for New Trial. ....................15

    B.   Applicable Legal Standard for Excessive Damages..............................15

    C.   The Jury's Verdict Resulted from Passion or Prejudice Justifying a
        New Trial. .................................................................................16

    D.   In the Event a New Trial is Denied Remittitur is Applicable. .........................17

CONCLUSION AND PRAYER ............................................................................ 18

# TABLE OF AUTHORITIES

## CASES

*Acevedo-Feliciano v. Ruiz-Hernandez*,
  296 F. Supp. 2d 142 (D.P.R. 2003) ............................................................. 7

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242, 250–251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ......................... 4, 5

*Argueta v. Banales*,
  01-06-00191-CV, 2007 WL 2214862, at *1 (Tex. App.—Houston [1st Dist.] Aug. 2,
  2007, pet. denied) .......................................................................... 12

*Arkansas Valley Land & Cattle Co. v. Mann*,
  130 U.S. 69, 72–76, 9 S. Ct. 458, 459–460, 32 L. Ed. 854 (1889) ...................... 17

*Auster Oil & Gas, Inc. v. Stream*,
  855 F.2d 597 (5th Circ. 1988) ........................................................... 16

*Berryman's S. Fork, Inc. v. J. Baxter Brinkmann Int'l Corp.*,
  418 S.W.3d 172 (Tex. App.—Dallas 2013, pet. denied) .................................... 8

*Blase Indus. Corp. v. Anorad Corp.*,
  442 F.3d 235 (5th Cir.), cert. denied, 549 U.S. 817 (2006) .......................... 12, 15

*Boston Scientific Corp. v. Cordis Corp.*,
  838 F. Supp. 2d 259 (D. Del. 2012), aff'd, 497 Fed. Appx. 69 (Fed. Cir. 2013)........... 6

*Bowen v. Robinson*,
  227 S.W.3d 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) .................... 11, 13

*Brunnemann v. Terra Int'l, Inc.*,
  975 F.2d 175 (5th Cir. 1992) ............................................................ 17

*Caldarera v. Eastern Airlines*,
  705 F.2d 778 (5th Cir.1983) ............................................................. 17

*Celotex Corp. v. Catrett*,
  477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ............................... 4

*Cf. Edwards v. Aaron Rents, Inc.*,
  482 F.Supp.2d 803 (W.D. Tex. 2006) ..................................................... 16

*Chen v. Mukasey*,
  510 F.3d 797 (8th Cir. 2007) ............................................................. 5

*City of Austin v. Teague*,
  570 S.W.2d 389 (Tex. 1978) ........................................................... 12, 13

*City of Tyler v. Likes*,
  962 S.W.2d 489 (Tex. 1997) .............................................................. 8

*Coffel v. Stryker Corp.*,
   284 F.3d 625 (5th Cir. 2002) .................................................................................. 12

*Continental Ore Co. v. Union Carbide & Carbon Corp.*,
   370 U.S. 690, 696, n. 6, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962) .................................. 5

*De Escabedo v. Haygood*,
   283 S.W.3d 3 (Tex. App.—Tyler 2009), aff'd, 356 S.W.3d 390 (Tex. 2011) ........... 8

*DSPT Intern., Inc. v. Nahum*,
   624 F.3d 1213 (9th Cir. 2010) .................................................................................. 7

*Evers v. Equifax, Inc.*,
   650 F.2d 793 (5th Cir. 1981) .................................................................................. 17

*Factory Mut. Ins. Co. v. Alon USA L.P.*,
   705 F.3d 518 (5th Cir. 2013) .................................................................................... 8

*Glazer v. Glazer*,
   374 F.2d 390 (5th Cir.), cert. denied, 389 U.S. 831, 88 S.Ct. 100, 19 L.Ed.2d 90 (1967) ....... 17

*Gorsalitz v. Olin Mathieson Chemical Corp.*,
   429 F.2d 1033 (5th Cir. 1970) ................................................................................ 17

*Great Pines Water Co., Inc. v. Liqui-Box Corp.*,
   203 F.3d 920 (5th Cir. 2000) .................................................................................. 12

*Hansen v. Johns–Manville Products Corp.*,
   734 F.2d 1036 (5th Cir.1984) ................................................................................. 17

*Hernandez v. Keane*,
   341 F.3d 137, 62 Fed. R. Evid. Serv. 235 (2d Cir. 2003) ........................................ 7

*Holmes v. Elgin, Joliet & E. Ry.*,
   18 F.d 1393 (7th Cir. 1994) .................................................................................... 15

*Hyde v. Hawk*,
   No. 07-16-00357-CV, 2018 WL 3384870, at *6 (Tex. App.—Amarillo July 11, 2018,
   pet. denied) (mem. op.) ........................................................................................... 12

*Hydrodynamic Indus. Co., Ltd. v. Green Max Distributors, Inc.*,
   21 F. Supp. 3d 1074 (C.D. Cal. 2014) ..................................................................... 6

*J & D Towing, LLC v. Am. Alt. Ins. Corp.*,
   478 S.W.3d 649 (Tex. 2016) .................................................................................... 8

*Jamison Co. v. Westvaco Corp.*,
   526 F.2d 922 (5th Cir.1976) ................................................................................... 18

*Kestenbaum v. Falstaff Brewing Corp.*,
   514 F.2d 690 (5th Cir. 1975) ......................................................................... 9, 10, 14

*King v. Ames*,
   179 F.3d 370 (5th Cir. 1999) .................................................................................... 9

*Kolb v. Goldring, Inc.*,
  694 F.2d 869 (1st Cir.1982) ................................................................................. 17

*Kroshnyi v. U.S. Pack Courier Services, Inc.*,
  771 F.3d 93, 90 Fed. R. Serv. 3d 227 (2d Cir. 2014) ............................................ 7

*Lake v. Flagg*,
  319 F.R.D. 252 (S.D. Ill. 2017) ............................................................................ 5

*Lakeside Vill. Homeowners Ass'n, Inc. v. Belanger*,
  545 S.W.3d 15 (Tex. App.—El Paso 2017, pet. denied) ........................................ 12

*Lightning Lube, Inc. v. Witco Corp.*,
  802 F. Supp. 1180, 36 Fed. R. Evid. Serv. 845 (D.N.J. 1992), judgment aff'd, 4 F.3d
  1153, 38 Fed. R. Evid. Serv. 902, 26 Fed. R. Serv. 3d 1468 (3d Cir. 1993) ............................ 6

*Linn v. United Plant Guard Workers of America, Local 114*,
  383 U.S. 53, 65–66, 86 S. Ct. 657, 664, 15 L. Ed. 2d 582 (1966) ........................... 17

*Lopez v. Aramark Uniform & Career Apparel, Inc.*,
  426 F. Supp. 2d 914 (N.D. Iowa 2006) ................................................................. 6

*Lytle v. Household Mfg., Inc.*,
  494 U.S. 545, 554–555, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990) ........................... 5

*Madrigal v. Allstate Insurance Company*,
  215 F. Supp. 3d 870 (C.D. Cal. 2016), aff'd, 2017 WL 2590771 (9th Cir. 2017) .................... 5

*Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*,
  475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) .................................... 4

*McBeth v. Carpenter*,
  565 F.3d 171 (5th Cir. 2009) ............................................................................... 12

*Medtronic Navigation, Inc. v. Brainlab Medizinische Computersysteme GMBH*,
  417 F. Supp. 2d 1188 (D. Colo. 2006), aff'd, 222 Fed. Appx. 952 (Fed. Cir. 2007) ................ 7

*Mickens v. Polk County School Bd.*,
  430 F. Supp. 2d 1265, 210 Ed. Law Rep. 327 (M.D. Fla. 2006), aff'd, 195 Fed. Appx.
  928, 214 Ed. Law Rep. 585 (11th Cir. 2006) ........................................................ 7

*Migues v. Nicolet Industries, Inc.*,
  493 F. Supp. 61 (E.D. Tex. 1980), rev'd in part on other grounds, 662 F.2d 1182 (5th
  Cir. 1981) ........................................................................................................ 17

*Mitropoulos v. Pineda*,
  No. 01-17-00795-CV, 2018 WL 6205855, at *7 (Tex. App.—Houston [1st Dist.] Nov.
  29, 2018, no pet.) (mem. op.) ..................................................................... 9, 10, 12

*Montgomery Ward & Co. v. Duncan*,
  311 U.S. 243, 61 S. Ct. 189, 85 L. Ed. 147 (1940) .............................................. 6

*Mullendore v. Muehlstein*,
  441 S.W.3d 426 (Tex. App.—El Paso 2014, pet. denied) ...................................... 12, 13

*Nat. Gas Pipeline Co. of Am. v. Justiss*,
    397 S.W.3d 150 (Tex. 2012) ................................................................. 9

*Norman v. Elkin*,
    860 F.3d 111 (3d Cir. 2017) ................................................................. 6

*Northern Pac. R. Co. v. Herbert*,
    116 U.S. 642, 646–647, 6 S. Ct. 590, 592, 29 L. Ed. 755 (1886) ........................................... 17

*Palmer v. City of Monticello*,
    31 F.3d 1499 (10th Cir. 1994) ................................................................. 15

*Pasadena State Bank v. Isaac*,
    228 S.W.2d 127 (Tex. 1950) ................................................................. 8

*Perez v. El Tequila, LLC*,
    847 F.3d 1247, 96 Fed. R. Serv. 3d 1284 (10th Cir. 2017) ................................................. 5, 7

*Porras v. Craig*,
    675 S.W.2d 503 (Tex. 1984) ................................................................. 9

*Raiczyk v. Ocean County Veterinary Hosp.*,
    377 F.3d 266, 59 Fed. R. Serv. 3d 349 (3d Cir. 2004) ................................................. 7

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151, 120 S.Ct. 2097, 147
    L.Ed.2d 105 (2000) ................................................................. 4

*Saulsberry v. Ross*,
    485 S.W.3d 35 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ....................................... 8

*Scott v. Land Span Motor, Inc.*,
    781 F. Supp. 1115 (D.S.C. 1991) ................................................................. 5

*Securities and Exchange Commission v. Life Partners Holdings, Incorporated*,
    854 F.3d 765 (5th Cir. 2017) ................................................................. 7

*Seibert v. Jackson County, Mississippi*,
    851 F.3d 430 (5th Cir. 2017) ................................................................. 5

*Seminole Pipeline Co. v. Broad Leaf Partners, Inc.*,
    979 S.W.2d 730 (Tex. App.—Houston [14th Dist.] 1998, no pet.)) ....................................... 8

*Slade Gorton & Co., Inc. v. Millis*,
    794 F. Supp. 175 (E.D. N.C. 1992), aff'd, 62 F.3d 1433 (Fed. Cir. 1995) ............................... 6

*Smart Mktg. Grp. v. Publications Int'l*,
    624 F.3d 824 (7th Cir. 2010) ................................................................. 16

*Smith v. City of Seven Points, Texas*,
    608 F. Supp. 458 (E.D. Tex. 1985) ................................................................. 15

*Smith v. Dye*,
    294 S.W.2d 452 (Tex. Civ. App.—Galveston 1956, no writ) ............................................... 13

*Smith v. Transworld Drilling Co.*,
  773 F.2d 610 (5th Cir. 1985) ................................................................... 15, 16

*Spaulding v. Sumrall*,
  No. 09-16-00153-CV, 2018 WL 2339619, at *5 (Tex. App.—Beaumont May 24,
  2018) (mem. op.) ......................................................................................... 9

*Stephens v. C.I.T. Group/Equip. Financing, Inc.*,
  955 F.2d 1023 (5th Cir. 1992) ........................................................................ 16

*TVIIM, LLC v. McAfee, Inc.*,
  851 F.3d 1356 (Fed. Cir. 2017) ....................................................................... 7

*Vetter v. McAtee*,
  850 F.3d 178 (5th Cir. 2017) .......................................................................... 7

*Wells v. Dallas Independent School District*,
  793 F.2d 679 (5th Cir.1986) ..................................................................... 16, 17

*Westbrook v. General Tire and Rubber Co.*,
  754 F.2d 1233 (5th Cir.1985) .......................................................................... 16

*Whitehead v. Food Max of Mississippi, Inc.*,
  163 F.3d 265 (5th Cir. 1998) .......................................................................... 15

*Willard v. The John Hayward*,
  577 F.2d 1009 (5th Cir. 1978) ........................................................................ 15

*Wood v. Kennedy*,
  473 S.W.3d 329 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ........................... 9

*Ziemba v. Armstrong*,
  433 F. Supp. 2d 248 (D. Conn. 2006); *Bravo v. Shamailov*, 221 F. Supp. 3d 413 (S.D.
  N.Y. 2016) ................................................................................................ 7

## RULES

Fed. R. Civ. Proc. 50(a) ...................................................................................... 4
Fed. R. Civ. Proc. 50(b) ...................................................................................... 1
Fed. R. Civ. Proc. 59 ................................................................................. 1, 15, 16

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JASPER N. LONG | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:19-cv-00200-MAC |
| | § | |
| FAENAS TRANSPORT, LLC | § | JURY TRIAL REQUESTED |

---

### DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND IN THE ALTERNATIVE MOTION FOR A NEW TRIAL AND/OR REMITTITUR

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Faenas Transport, LLC, and files this Motion for Judgment as a Matter of Law and in the Alternative Motion for New Trial and/or Remittitur, and respectfully states as follows:

### I.  PROCEDURAL BACKGROUND

1.       Between December 7 and 10, 2020 a jury trial was held in this case. Following trial, the jury returned a verdict finding Defendant negligent and liable to pay Plaintiff damages in the amount of $500,000.00. R. Doc. 154.

2.       On December 16, 2020 Final Judgment was entered. R. Doc. 160.

3.       Defendant Faenas Transport, LLC ("Defendant") now moves for Judgment as a Matter of Law because there was no legally sufficient evidentiary basis for a reasonable jury to award damages in the said amount. FED. R. CIV. PROC. 50(b).

4.       In the alternative Defendant seeks a New Trial and/or for Remittitur. FED. R. CIV. PROC. 59.

## RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

## II.  SUMMARY OF ARGUMENT

5.      At the close of Plaintiff's case Defendant moved for Judgment as a Matter Law which in part sought judgment on Plaintiff's claim for damages of $650,000.00 (Plaintiff's "value to him" evidence of the "market value" of the subject leasehold). Plaintiff stated in his evidence this is what the leasehold was worth to him for "his retirement" *i.e*., projected retirement income based on wholly unsubstantiated future rental income from subletting the warehouse. Defendant's position was Plaintiff had no evidence capable of supporting damages in the amount claimed and that there was a legally insufficient evidentiary basis to find for the Plaintiff in the amount claimed. The Court denied the motion on the grounds that if the Defendant is found liable Plaintiff had presented some evidence upon which the jury could award damages.

6.      In its instructions to the jury the court admonished them that they "should consider these elements of damages to the extent [they found] them proved by a preponderance of the evidence." The court admonished the jury to "use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence." Regarding compensatory damages the court instructed: "If you find that Plaintiff Jasper Long suffered a total loss of his leasehold, [he] is entitled to recover the fair market value of the leasehold at the time of the [fire]." The Court went on to define "market value" as follows: "Market Value is defined as the amount that would be paid by a willing buyer who desires to purchase the remaining leasehold of the warehouse, but it is not required to purchase the leasehold, to a willing seller who desires to sell the remaining leasehold of the warehouse but is under no necessity of selling it." These instructions and admonishments were ignored by the jury.

7.     The jury ignored the fact that Plaintiff's only tenant (STI Group) vacated the warehouse in April 2016 due to lack of business and that despite his best efforts to find a new lessee Long was unable to sublet the warehouse again.

8.     The jury ignored the evidence of what Plaintiff paid for the lease and further ignored the only available evidence of the appraised market value of the warehouse in their computation of damages.

9.     Importantly however, the jury ignored the fact that Plaintiff had offered no evidence (other than his "value to me" estimation) of the fair market value of the warehouse. In this respect, the jury gave no consideration to the following:

(a)     there was no evidence of tax, banking, or accounting records regarding the value of the leasehold;

(b)     there was no evidence regarding nearby sales/rentals of similar properties for the purpose of comparison;

(c)     there was no evidence of market demand for the warehouse itself;

(d)     there was no evidence of a valuation based on online research conducted by Plaintiff or anyone else acting on his behalf;

(e)      evidence that Long's existing use of the warehouse at the time of the fire was non-existent (it was not being used for any business purpose and was not being sublet);

(f)     there was no evidence that any one was interested in acquiring the remaining leasehold interest;

(g)     there was no evidence of any appraisal (of the fair market value of the leasehold) having been conducted by a qualified real estate appraiser (other than the appraisal conducted by JCAD);

(h)     the only evidence of sub-letting was as stated – the sublet to another welding operation STI who vacated the premises in April 2016 (2 years and 2 months before the fire) due to lack of business (in essence no evidence of subletting the lease in the time period immediately before the fire);

(i)     there was no evidence of the market rental rate of the warehouse on June 22, 2018; and

(j)     there was no evidence of market demand and/or the market rental rate for similar warehouses in the geographical area concerned immediately before the fire.

10.     Plaintiff offered no other relevant evidence of market value other than his "value to me" guess of what he contended was his lost retirement income.  Therefore, based on the evidence before it a reasonable jury: (1) could not have arrived at an award of damages in the amount of $500,000.00; (2) could have only reached an award of damages in this amount on the basis of pure speculation and naked conjecture; (3) would not be permitted to award damages in this amount; and (4) could not award damages in this amount based on a record that was critically deficient of the minimum quantity of evidence required to arrive at such an award. As such, there was no legally sufficient evidentiary basis for a reasonable jury to award damages of $500,000.00 as the fair market value of the warehouse, and judgment as a matter of law must be granted setting aside that award.

### III.  STANDARD FOR REVIEW

#### A.    Judgment as a Matter of Law

11.     Under Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." FED. RULE CIV. PROC. 50(a); *see* also *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Regarding the applicable standard, the supreme court was determined that in the analogous context of summary judgment under Rule 56, it has stated that the court must review the record "taken as a whole." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). And the standard for granting summary judgment "mirrors" the standard for judgment as a matter of law, such that "the inquiry under each is the same." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see* also *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  It therefore follows

that, in entertaining a motion for judgment as a matter of law, the court should review all the evidence in the record.

12.     In doing so, however, the court must draw all ***reasonable inferences*** in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554–555, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990); *Liberty Lobby, Inc.*, supra, at 254, 106 S.Ct. 2505; *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 696, n. 6, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962). "Credibility determinations, the weighing of the evidence, and the drawing of ***legitimate inferences*** from the facts are jury functions, not those of a judge." *Liberty* \*151 *Lobby*, supra, at 255, 106 S.Ct. 2505. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. The jury could not draw any reasonable/legitimate inferences from the testimony legally sufficient to establish an evidentiary basis for the damages awarded.

**B.      Renewed Motion for Judgment as a Matter of Law**

13.     The standard for a judgment as a matter of law is the same whether the court is deciding to take the case away from the jury or to enter a judgment notwithstanding a contrary verdict. *Chen v. Mukasey*, 510 F.3d 797 (8th Cir. 2007); *Madrigal v. Allstate Insurance Company*, 215 F. Supp. 3d 870 (C.D. Cal. 2016), aff'd, 2017 WL 2590771 (9th Cir. 2017). The question presented on a motion for judgment under Fed. R. Civ. P. 50 is whether the evidence is sufficient as a matter of law to sustain the verdict for the other party. *Seibert v. Jackson County, Mississippi*, 851 F.3d 430 (5th Cir. 2017); *Lake v. Flagg*, 319 F.R.D. 252 (S.D. Ill. 2017); *Scott v. Land Span Motor, Inc.*, 781 F. Supp. 1115 (D.S.C. 1991). Stated another way, a court's task, on a motion for judgment as a matter of law, is to determine whether a jury could render a verdict in favor of the nonmovant.  *Perez v. El Tequila, LLC*, 847 F.3d 1247, 96 Fed. R. Serv. 3d 1284 (10th Cir. 2017).

14.     Determination of the motion must be made with a view to support the jury verdict. *Slade Gorton & Co., Inc. v. Millis*, 794 F. Supp. 175 (E.D. N.C. 1992), aff'd, 62 F.3d 1433 (Fed. Cir. 1995).The standard for consideration of a motion for judgment as a matter of law accords the jury's verdict substantial deference; however, ***despite the amount of deference accorded to the jury's verdict, the jury cannot be accorded the benefit of unreasonable inferences, or those at war with the undisputed facts***. *Lopez v. Aramark Uniform & Career Apparel, Inc.*, 426 F. Supp. 2d 914 (N.D. Iowa 2006) (emphasis added). A motion for judgment in spite of the adverse verdict cannot be granted unless, as a matter of law, the opponent of the moving party failed to make a case. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 61 S. Ct. 189, 85 L. Ed. 147 (1940); *Song v. Ives Laboratories, Inc.*, 957 F.2d 1041 (2d Cir. 1992). In addition, while judgment as a matter of law should be granted sparingly, a scintilla of evidence is not enough to sustain a verdict. *Norman v. Elkin*, 860 F.3d 111 (3d Cir. 2017); *Lightning Lube, Inc. v. Witco Corp.*, 802 F. Supp. 1180, 36 Fed. R. Evid. Serv. 845 (D.N.J. 1992), judgment aff'd, 4 F.3d 1153, 38 Fed. R. Evid. Serv. 902, 26 Fed. R. Serv. 3d 1468 (3d Cir. 1993). That is the case here.

## C.     When Judgment as a Matter of Law May be Granted

15.     To prevail on a renewed motion for judgment as a matter of law following a jury trial, the moving party must establish that the jury's actual or inferred factual findings were not supported by substantial evidence, or that the evidence was not sufficient to support the findings and conclusions necessarily drawn by the jury on the way to its verdict. *Boston Scientific Corp. v. Cordis Corp.*, 838 F. Supp. 2d 259 (D. Del. 2012), aff'd, 497 Fed. Appx. 69 (Fed. Cir. 2013). To prevail on a motion for judgment as a matter of law, a party must show that the jury's express or presumed findings are unsupported by substantial evidence or based on incorrect legal standards. *Hydrodynamic Indus. Co., Ltd. v. Green Max Distributors, Inc.*, 21 F. Supp. 3d 1074 (C.D. Cal. 2014).

16.     Judgment as a matter of law may be granted:

➢     where the evidence is so overwhelmingly in favor of one party that reasonable people could not arrive at a contrary verdict. *Hernandez v. Keane*, 341 F.3d 137, 62 Fed. R. Evid. Serv. 235 (2d Cir. 2003); *Securities and Exchange Commission v. Life Partners Holdings, Incorporated*, 854 F.3d 765 (5th Cir. 2017); *Mickens v. Polk County School Bd.*, 430 F. Supp. 2d 1265, 210 Ed. Law Rep. 327 (M.D. Fla. 2006), aff'd, 195 Fed. Appx. 928, 214 Ed. Law Rep. 585 (11th Cir. 2006). A motion for judgment as a matter of law can be granted if the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable people could not arrive at contrary verdict. *Vetter v. McAtee*, 850 F.3d 178 (5th Cir. 2017).

➢     when the evidence permits only one reasonable conclusion and that conclusion is contrary to the conclusion reached by the jury. *DSPT Intern., Inc. v. Nahum*, 624 F.3d 1213 (9th Cir. 2010); *Perez v. El Tequila, LLC*, 847 F.3d 1247, 96 Fed. R. Serv. 3d 1284 (10th Cir. 2017); *TVIIM, LLC v. McAfee, Inc.*, 851 F.3d 1356 (Fed. Cir. 2017); *Finjan, Inc. v. Sophos, Inc.*, 2017 WL 976673 (N.D. Cal. 2017). A post-verdict motion for judgment as a matter of law should be granted only when the court is convinced that reasonable persons could not have arrived at the conclusion reached by the jury, based upon the evidence before it. *Medtronic Navigation, Inc. v. Brainlab Medizinische Computersystems GMBH*, 417 F. Supp. 2d 1188 (D. Colo. 2006), aff'd, 222 Fed. Appx. 952 (Fed. Cir. 2007).

➢     if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture. *Kroshnyi v. U.S. Pack Courier Services, Inc.*, 771 F.3d 93, 90 Fed. R. Serv. 3d 227 (2d Cir. 2014); *Ziemba v. Armstrong*, 433 F. Supp. 2d 248 (D. Conn. 2006); *Bravo v. Shamailov*, 221 F. Supp. 3d 413 (S.D. N.Y. 2016).

➢     only if evidence would not permit a reasonable jury to find in favor of the plaintiff on any permissible claim or theory. *Acevedo-Feliciano v. Ruiz-Hernandez*, 296 F. Supp. 2d 142 (D.P.R. 2003).

➢     only if the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief.  *Raiczyk v. Ocean County Veterinary Hosp.*, 377 F.3d 266, 59 Fed. R. Serv. 3d 349 (3d Cir. 2004).

17.     Therefore, based on the evidence before it a reasonable jury: (1) could not have arrived at an award of damages in the amount of $500,000.00, (2) could have only reached an award of damages in this amount based on pure speculation and conjecture, (3) would not be permitted to award damages in this amount based on the evidence before it, and (4) could not award damages in this amount based on a record that was critically deficient of the minimum

quantity of evidence required. As such judgment as a matter of law must be granted setting aside the award to damages.

## IV.  ARGUMENT & AUTHORITY

### A.    Plaintiff's "Value to Him" Evidence of Market Value was Insufficient to Support the Jury's Award of Damages as a Matter of Law

18.    Under Texas law, "[a] plaintiff whose property has been destroyed by the tort[ious] acts of another is generally entitled to recover the market value of the property at the time of its loss." *Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 521 (5th Cir. 2013) (quoting *Seminole Pipeline Co. v. Broad Leaf Partners, Inc.*, 979 S.W.2d 730, 754 (Tex. App.—Houston [14th Dist.] 1998, no pet.)). The fair market value is the appropriate measure of damages for the destruction of both personal and real property. *Saulsberry v. Ross*, 485 S.W.3d 35, 51 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (citing *City of Tyler v. Likes*, 962 S.W.2d 489, 496-97 (Tex. 1997)). The calculation of "damages for any tortious act is a fair, reasonable, and proper compensation for the injury inflicted as a proximate result of the wrongful act" in order to restore the plaintiff to his or her original position. *J & D Towing, LLC v. Am. Alt. Ins. Corp.*, 478 S.W.3d 649, 655 (Tex. 2016) (quoting *Pasadena State Bank v. Isaac*, 228 S.W.2d 127, 128 (Tex. 1950)). "<u>Where damages evidence does not relate to the damages sustained under the proper measure of damages, the evidence is both irrelevant and *legally insufficient to support a judgment*</u>." *Berryman's S. Fork, Inc. v. J. Baxter Brinkmann Int'l Corp.*, 418 S.W.3d 172, 185 (Tex. App.—Dallas 2013, pet. denied) (quoting *De Escabedo v. Haygood*, 283 S.W.3d 3, 6 (Tex. App.—Tyler 2009), aff'd, 356 S.W.3d 390 (Tex. 2011)) (emphasis added).

19.    Long relied on his own opinion regarding the fair market value of the warehouse immediately before the fire – testifying in answer to direct examination from his counsel regarding "selling the lease" that he "would take $650,000.00 for it." Under Texas law, a property owner

"may testify to the value of his property" so long as he "is personally familiar with his property **_and knows its fair market or fair rental value_**." *Mitropoulos v. Pineda*, No. 01-17-00795-CV, 2018 WL 6205855, at *7 (Tex. App.—Houston [1st Dist.] Nov. 29, 2018, no pet.) (mem. op.); *see Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 155-56 (Tex. 2012); *Wood v. Kennedy*, 473 S.W.3d 329, 336-37 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (emphasis added). Indeed, "[o]pinion testimony concerning [damages to land] is subject to the same requirements as any other opinion evidence, with one exception: the owner of the property can testify to its market value, even if he could not qualify to testify about the value of like property belonging to someone else." *Justiss*, 397 S.W.3d at 155 (quoting *Porras v. Craig*, 675 S.W.2d 503, 504 (Tex. 1984)); *see Spaulding v. Sumrall*, No. 09-16-00153-CV, 2018 WL 2339619, at *5 (Tex. App.—Beaumont May 24, 2018) (mem. op.). Therefore, while Texas law recognizes that the owner of real property is qualified to testify regarding the fair market value of his property, to be admissible, his testimony **_must meet the same requirements as other expert testimony and must be based on market rather than personal value_**. *See Justiss*, 397 S.W.3d at 156; *Porras*, 675 S.W.2d at 504; *Pineda*, 2018 WL 6205855, at *7 (citing *Wood*, 473 S.W.3d at 337) (emphasis added) ("[A]n owner's valuation testimony is not relevant if it is conclusory or speculative."). On this issue, the Fifth Circuit has held that although "[i]n general, 'an owner is competent to give his opinion on the value of his property' ... *such testimony cannot be based on naked conjecture or solely speculative factors*." *King v. Ames*, 179 F.3d 370, 376 (5th Cir. 1999) (quoting *Kestenbaum v. Falstaff Brewing Corp.*, 514 F.2d 690, 698–99 (5th Cir. 1975)) (emphasis added). Following this holding the Texas supreme court in *Justiss* (397 S.W.3d at 155-56) found the testimony of the property owner in isolation was insufficient to support an award of damages.  The court observed:

> Because property owner testimony is the functional equivalent of expert testimony, it must be judged by the same standards. Thus, as with expert testimony, property valuations may not be based solely on a property owner's *ipse dixit*. An owner may not simply echo the phrase "market value" and state a number to substantiate his diminished value claim; he

> must provide the factual basis on which his opinion rests. This burden is not onerous, particularly in light of the resources available today. Evidence of price paid, nearby sales, tax valuations, appraisals, online resources, and any other relevant factors may be offered to support the claim.  But the valuation must be substantiated; a naked assertion of "market value" is not enough. Of course, the owner's testimony may be challenged on cross-examination or refuted with independent evidence. But even if unchallenged, the testimony must support a verdict, and conclusory or speculative statements do not.

*See Kestenbaum*, 514 F.2d at 699. This is precisely what we are dealing with here – unsubstantiated, conclusory, and speculative testimony insufficient to support a verdict. Long failed to offer any evidence to support his opinion testimony as to the fair market value of the warehouse. (*See* ¶¶ 7-10 *supra*.) Further, Long presented no evidence that a prospective buyer had offered him a comparable sum or that he had, in fact, successfully attempted to sell the remainder of the leasehold. Long's valuation was based on pure conjecture and speculation. Long's naked assertion of valuation based on his personal belief that his aged warehouse would have sold for ten times more than his original cost due to unsupported costs of improvements and his unsubstantiated projected retirement income was insufficient to establish a fair market valuation of the leasehold. *See Pineda*, 2018 WL 6205855, at *7. Ignoring the inadequacy and insufficiency of Long's evidence, his "value to him" opinion nonetheless formed the basis for the jury's award of damages in the amount of $500,000.00. For the reasons stated that award cannot stand as a matter of law.

**B.      Plaintiff Offered No Evidence to Support Lost Rental Income as a Factor for Calculating the Fair Market Value of the Leasehold.**

20.     To support his claim for lost retirement income as a factor in the equation for calculating the fair market value of the warehouse, Long relied on an alleged one-time sublet of the warehouse – that the warehouse had generated $110,400.00 in rental income between 2014 and 2016 (the STI lease that was terminated early in April 2016 due to lack of welding business).

21.     First, this element of Long's "value to him" calculation should not have factored into the jury's determination of damages. Long offered no testimony with respect to the specifics of the STI lease. Long testified that he relied solely on the memory of his wife Jackie Long (a non-owner) with respect to the STI lease and its bearing on the market value of the leasehold. Therefore, the sole purpose of Mrs. Long's testimony (regarding damages) was to support this factor (lost profits/lost rental income) in the overall calculation of the market value of the leasehold. The calculation of lost profit damages requires the testimony of an expert or the owner of the property. *See Bowen v. Robinson*, 227 S.W.3d 86, 97 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("Competent evidence of lost profits relating to property can be proved by the testimony of an expert or the owner of the property."). Mrs. Long was neither the owner of the leasehold nor qualified as an expert in assessing lost rental income from a commercial warehouse as such her testimony should have been discounted by the jury.

22.     Second, Mrs. Long's testimony (her recollection of the STI lease) was based on hearsay (a purported telephone call with a former employee of STI) and was wholly uncorroborated – she could offer no direct evidence of the STI lease itself, its terms and conditions, and/or the amount of rental income generated from the lease – there was a complete absence of any documentary proof regarding same *i.e.*, no tax, banking, or accounting records capable of substantiating the profits generated from this lease or for that matter any losses (associated costs and expenses).  For this reason, also Mrs. Long's testimony pertaining to the lost profit element of the market value calculation should have been discounted by any reasonable jury.

23.     Next the evidence with respect to the STI lease should have been tempered by Long's admission that the warehouse was not sublet in the 2 years and 2 months before the fire, and despite his best efforts to find a "willing buyer for the remainder of the lease" those efforts were not fruitful. Further, this proffered basis for calculating lost rental income was devoid of any

evidence of comparable rentals (market rental prices) based on similar leased property during the relevant time frame (June 2018), or for that matter any evidence of those factors normally applicable (*See* ¶¶ 7-10 *supra*.) when such an assessment is required. These facts too were altogether ignored by the jury.

24.     The recovery of lost profits does not require that the claimant's loss be "susceptible to exact calculation." *Great Pines Water Co., Inc. v. Liqui-Box Corp.*, 203 F.3d 920, 922 (5th Cir. 2000); accord *Coffel v. Stryker Corp.*, 284 F.3d 625, 638 (5th Cir. 2002). Nonetheless, ***the amount of a party's loss must be shown by competent evidence with "reasonable certainty" and must not be based on evidence that is "speculative, uncertain, contingent, or hypothetical*.*" Blase Indus. Corp. v. Anorad Corp.*, 442 F.3d 235, 238 (5th Cir.), cert. denied, 549 U.S. 817 (2006); *see McBeth v. Carpenter*, 565 F.3d 171, 176-77 (5th Cir. 2009); *Great Pines Water Co., Inc.*, 203 F.3d at 922 (emphasis added). These rules for calculating lost profits are equally applicable to the loss of rental income.  *City of Austin v. Teague*, 570 S.W.2d 389, 395 (Tex. 1978); *Hyde v. Hawk*, No. 07-16-00357-CV, 2018 WL 3384870, at *6 (Tex. App.—Amarillo July 11, 2018, pet. denied) (mem. op.).

25.     In the case of real property, a landowner, in some cases, may recover damages for loss of rental income "for the temporary loss of use of land." *Pineda*, 2018 WL 6205855, at *7; *see Lakeside Vill. Homeowners Ass'n, Inc. v. Belanger*, 545 S.W.3d 15, 43 (Tex. App.—El Paso 2017, pet. denied); *Mullendore v. Muehlstein*, 441 S.W.3d 426, 428 (Tex. App.—El Paso 2014, pet. denied); *Teague*, 570 S.W.2d at 384. "It has long been established that loss of use damages are recoverable *only* if the plaintiff seeks recovery for cost of repair damages; they are not available as a separate measure of damages when the plaintiff seeks recovery for diminution in value." *Argueta v. Banales*, 01-06-00191-CV, 2007 WL 2214862, at *1 (Tex. App.—Houston [1st Dist.] Aug. 2, 2007, pet. denied); *see Smith v. Dye*, 294 S.W.2d 452, 464 (Tex. Civ. App.—Galveston

1956, no writ) (holding that, when a jury awards damages based on the diminution in fair market value, the determination comprehends compensating plaintiff for his loss of use and, therefore, separately instructing the jury on the issue of loss of rental value permits a double recovery).

26.    Based on pretrial summary judgment determinations Long's original claim for damages based on cost of repair was rendered not cognizable and damages were limited to diminution in market value. As a result, Plaintiff could not claim "temporary loss of use" of the leasehold, but instead a total loss and damages based on diminution in market value, which (as stated) comprehends compensating Plaintiff for his loss of use as a factor that may be utilized in making the market value determination *i.e.,* lost rental income forms part of the equation when calculating diminution of the property's market value.

27.    "Rental value is the amount which, in the ordinary course of business, the premises would bring or for which they could be rented, or the value, as ascertained by proof of what the premises would rent for, and not the probable profit which might accrue." *Mullendore*, 441 S.W.3d at 429 (citing *Teague*, 570 S.W.2d at 394). There was no proof of what the warehouse would rent for in 2018 and in addition no evidence was offered as to any of the other factors required to make that determination (*See* ¶¶ 7-10 *supra*.) – the only evidence offered for consideration by the jury was what "probable profit" might accrue based on Long's "loss to him" testimony that was pure speculation and conjecture.

28.    Long's evidence was that because the warehouse was destroyed, he had lost $650,000.00 in rental income. Long's valuation assumed he would have been able to lease the warehouse for a total of 374 months at $2,300.00 per month (less we must assume) expenses and costs of improvements, maintenance, and repair). ***This calculation of lost profit damages would have required the testimony of an expert or the owner of the property***. *See Bowen*, 227 S.W.3d at 97. Long offered no evidence from an independent expert (such as that of a qualified commercial

real estate appraiser) and as stated his personal evidence as the "owner" was insufficient because property owner testimony is the functional equivalent of expert testimony, it must be judged by the same standards. Thus, as with expert testimony, property valuations may not be based solely on a property owner's *ipse dixit* – his own unproven/unsubstantiated statements. *See Kestenbaum*, 514 F.2d at 699.

29.     Without support, Long assumed that the warehouse would generate $2,300.00 per month over the remaining 374 months of his leasehold; however, this calculation of lost rental income did not account for: (1) the time value of money; (2) the fact that the warehouse, historically, was sub-let only one-time (a lease that was terminated early and more than two years before the fire due to the lessee's lack of welding business); (3) the fact that there was no evidence of demand to lease the warehouse, and (4) the fact there was no evidence of any of the other factors normally applicable for quantification of such damages (*See* ¶¶ 7-10 *supra*.). As such Long's opinion testimony regarding lost rental income was supported by no evidence and amounted to nothing more than pure speculation and conjecture.

30.     The undisputed evidence indicated that the warehouse had not generated rental income since 2016, and there was no evidence of market demand for similar warehouses in the area at the relevant time frame. Nevertheless, Long contended that, based on the potential to generate future rental income for his retirement, the fair market value of the warehouse immediately before the fire was at least $650,000.00. Long was clearly unqualified to offer testimony regarding the proper method of assessing lost rental income as an element of calculating the fair market value of the leasehold and therefore with the complete absence of any evidence from an independent qualified expert this rendered Long's entire testimony based on lost rental income as wholly insufficient to justify the damages awarded by the jury in this case. *See Blase*

*Indus. Corp.*, 442 F.3d at 238. As such, the damages awarded based on unsupported lost rental income must be set aside as a matter of law.

## ALTERNATIVELY, FAENAS IS ENTITLED TO A NEW TRIAL OR REMITTITUR

**A.      Applicable Legal Standard for a Rule 59 Motion for New Trial.**

31.      Pursuant to Rule 59, district court judges have broad discretion to grant or deny motions for new trial. *See* FED. R. CIV. PROC. 59; *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 269 (5th Cir. 1998). A new trial is appropriate if: (1) the jury's verdict contains irreconcilable conflicts; (2) the verdict is against the great weight of the evidence; (3) prejudicial error was committed during the course of the trial; or (4) the damages awarded by the jury are excessive. *See Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985); *Willard v. The John Hayward*, 577 F.2d 1009, 1011 (5th Cir. 1978). Faenas is entitled to a new trial because the damages awarded by the jury are grossly excessive, or in the alternative, Faenas is entitled to a remittitur.

**B.      Applicable Legal Standard for Excessive Damages.**

*32.*      District court judges are required to review the amounts of damages awarded by a jury for excessiveness. The test to be applied is whether the award is so lacking a rational connection to the evidence that it offends the conscience of the court. *See Palmer v. City of Monticello*, 31 F.3d 1499, 1508 (10th Cir. 1994); *Holmes v. Elgin, Joliet & E. Ry.*, 18 F.d 1393, 1395-96 (7th Cir. 1994). If the trial court determines that the damages awarded are excessive, it may either offer the plaintiff or counter-plaintiff a remittitur or order a new trial. *See Smith v. City of Seven Points, Texas*, 608 F. Supp. 458 (E.D. Tex. 1985). Trial courts should employ remittitur for those verdicts that are so large as to be contrary to right reason while requiring a new trial in those cases where the jury's award is infected by passion or prejudice. *See id.*

**C.      The Jury's Verdict Resulted from Passion or Prejudice Justifying a New Trial.**

33.      Faenas alternatively asks for a new trial under provisions of Federal Rule of Civil

Procedure 59, which authorizes the rendition of a new trial based on the Court's appraisal of the

fairness of the trial and the reliability of the jury's verdict. *See Smith*, 773 F.2d 612-13. Rule 59

does not specify grounds for granting a new trial; however, case law construes the rule as

authorizing a new trial when (1) the verdict of the jury is against the great weight of the evidence,

(2) ***the damages found by the jury are excessive***, or (3) unfair or prejudicial error marred the trial.

*Cf. Edwards v. Aaron Rents, Inc.*, 482 F.Supp.2d 803, 810 (W.D. Tex. 2006). Faenas maintains

the damages awarded by the jury (for the reasons stated *supra*.) are excessive and this provides a

basis for granting a new trial in this instance. FED. R. CIV. P. 59; *see* generally *Stephens v. C.I.T.*

*Group/Equip. Financing, Inc.*, 955 F.2d 1023, 1028 (5th Cir. 1992) (holding the denial of the new-

trial motion constituted "an abuse of discretion because the damages awarded were excessive as a

matter of law.").

34.      A district court is entitled to find that an award is unsupported by the evidence and

thus a motion for a new trial under Rule 59 should be granted, even if there was enough evidence

in the record to justify sending the issue to the jury in the first instance (a finding that would require

denial of a motion for judgment as a matter of law under FRCP 50). *Smart Mktg. Grp. v.*

*Publications Int'l*, 624 F.3d 824, 832 (7th Cir. 2010).

35.      Under Fifth Circuit jurisprudence, when a jury verdict results from passion or

prejudice, a new trial, not remittitur, is the proper remedy. *Wells v. Dallas Independent School*

*District*, 793 F.2d 679, 683–84 (5th Cir.1986) citing *Westbrook v. General Tire and Rubber Co.*,

754 F.2d 1233, 1241 (5th Cir.1985); *see also Auster Oil & Gas, Inc. v. Stream*, 855 F.2d 597 (5th

Circ. 1988). On the other hand, damage awards which are merely excessive, that is, so large as to

be contrary to right reason, are candidates for remittitur. *Id.* However, at some point on the scale

an excessive award becomes so large that it can no longer be considered merely excessive. At that point, when an award is "so exaggerated as to indicate bias, passion, prejudice, corruption, or other improper motive," remittitur is not applicable and, the only proper remedy is a new trial. *Wells*, 793 F.2d at 684 citing *Caldarera v. Eastern Airlines*, 705 F.2d 778, 784 (5th Cir.1983). Such is the case here and a new trial on the question of damages should be granted.

**D.      In the Event a New Trial is Denied Remittitur is Applicable.**

36.      The court may condition a denial of the motion for a new trial upon the filing by the plaintiff of a remittitur in a stated amount.[1] If the court finds that the damages awarded were not the result of passion or prejudice and therefore remittitur is applicable, the court must determine the size of the remittitur in accordance with the Fifth Circuit's "maximum recovery rule," which prescribes that "the verdict must be reduced to the maximum amount the jury could properly have awarded." *Brunnemann v. Terra Int'l, Inc.*, 975 F.2d 175, 178 (5th Cir. 1992) (citing *Hansen v. Johns–Manville Products Corp.*, 734 F.2d 1036 (5th Cir.1984) (quoting *Caldarera v. Eastern Airlines, Inc.*, 705 F.2d 778, 784 (5th Cir.1983)).  A verdict is excessive as a matter of law if shown to exceed "any rational appraisal or estimate of the damages that could be based upon the evidence before the jury." *Id*. citing *Kolb v. Goldring, Inc.*, 694 F.2d 869, 871 (1st Cir.1982) (quoting *Glazer v. Glazer*, 374 F.2d 390, 413 (5th Cir.), cert. denied, 389 U.S. 831, 88 S.Ct. 100, 19 L.Ed.2d 90 (1967)). Such is the case here (see argument *supra*. regarding the absence of evidence for jury award of damages).

---

[1] "If the amount of damages awarded is excessive, it is the duty of the trial judge to require a remittitur or a new trial." *Linn v. United Plant Guard Workers of America, Local 114*, 383 U.S. 53, 65–66, 86 S. Ct. 657, 664, 15 L. Ed. 2d 582 (1966); *Arkansas Valley Land & Cattle Co. v. Mann*, 130 U.S. 69, 72–76, 9 S. Ct. 458, 459–460, 32 L. Ed. 854 (1889); *Northern Pac. R. Co. v. Herbert*, 116 U.S. 642, 646–647, 6 S. Ct. 590, 592, 29 L. Ed. 755 (1886); *Evers v. Equifax, Inc.*, 650 F.2d 793, 797 (5th Cir. 1981); *Gorsalitz v. Olin Mathieson Chemical Corp.*, 429 F.2d 1033 (5th Cir. 1970); *Migues v. Nicolet Industries, Inc.*, 493 F. Supp. 61, 65, (E.D. Tex. 1980), rev'd in part on other grounds, 662 F.2d 1182 (5th Cir. 1981).

37.    As stated, the jury in this case found compensatory damages in the sum of $500,000.00. This amount exceeds any rational appraisal based on the evidence presented at trial. *See id.*[2] As stated, the only evidence of market value presented at trial was the amount Plaintiff paid for the lease and a market value appraisal from JCAD. Following the "maximum recovery rule" this court should hold remittitur in the sum of $64,680.00. If the plaintiff refuses to remit to damages in this amount, the court should order a new trial.

<h3 style="text-align:center">CONCLUSION AND PRAYER</h3>

WHEREFORE, PREMISES CONSIDERED, Defendant Faenas Transport. LLC respectfully requests that the Court grant Judgment as a Matter of Law, or in the alternative, grant a New Trial and/or a substantial Remittitur, and such other and further relief, at law or in equity, to which Defendant may justly be entitled.

Respectfully submitted,

/s/ *Robert L. Ramey*
Robert L. Ramey, Lead Attorney
State Bar No.  16498200
750 Bering Drive, Suite 600
Houston, Texas 77057
(713) 266-0074
(713) 266-1064 (*facsimile*)
rlr@ramey-chandler.com

**OF COUNSEL:**
RAMEY, CHANDLER,
  QUINN & ZITO, PC
John Lynd
State Bar No.  24011213
jlynd@ramey-chandler.com

**ATTORNEYS FOR DEFENDANT,**
**FAENAS TRANSPORT, LLC**

---

[2] The jury may select the highest figures that the evidence will support, however, the jury may not speculate on damages where the calculation of the damages is definable. *Id.* "Flexibility beyond the range of the evidence will not be tolerated." *Id.* (quoting *Jamison Co. v. Westvaco Corp.*, 526 F.2d 922, 936 (5th Cir.1976).

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that all counsel of record are being served with a copy of this document in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on via the Court's CM/ECF system on January 5, 2021.

                                  /s/ *Robert L. Ramey*
                                  Robert L. Ramey